THE WHEELER & WILSON MANUFACTURING COMPANY, Appellant, v. R. J. STERRETT, *et al.*

**Practice on Appeal:** NOTICE SERVED ON DE FACTO CLERK. A notice of
1 appeal is sufficient which is served on one who has received written appointment to be deputy clerk, and has discharged the duties of the office, though the appointment has not been confirmed and bond given as required by Code, 766.

**Practice:** MISCONDUCT. Counsel said that plaintiff was a wealthy non-resident corporation, that it could roam at will and rob as it pleased, and that a corporation attempting to enforce the contract in suit should suffer confiscation, etc. He also stated that plaintiff had taken a third person as payor of the note in suit and "taken an ironclad mortgage on everything he had." These statements went outside of the evidence. The court told the jury that this was not based on evidence, and counsel disclaimed meaning that such mortgage covered the note in suit. Proper exception taken. *Held*, there should have been a new trial.

*Appeal from Monroe District Court.*—HON. W. I. BABB,
Judge.

THURSDAY, APRIL 4, 1895.

Action at law upon a promissory note of the defend-
ant R. J. Sterrett, payment of which was guarantied by
defendant Conrad Sterrett.   Defense, payment and
release by the substitution of one Brayton as paymaster.
Trial to a jury, verdict and judgment for defendants,
and plaintiff appeals.—*Reversed.*

*D. M. Anderson* for appellant.

*Wm. A. Nichol* for appellees.

Deemer, J.   Appellees have filed a motion to dis-
miss the appeal because no notice thereof was served
upon the clerk of the district court, as required by law.
It appears that service of notice was accepted for the
clerk by one John W. H. Griffen, as deputy; but it was
further shown that at the time Griffen was not regularly
appointed, as required by section 766 of the Code.   He
had prior thereto received a written appointment from
McCahan, who was and is the clerk, and had for a long
time been acting as such; but the appointment was not
approved by the board of supervisors, nor did he give
bonds for the faithful discharge of his duties.
By virtue of this written appointment and the
performance of the duties of the deputy there-
under, Griffen was a *de facto* officer, and his acceptance
of service is as valid between the parties to this litiga-
tion as if it were made by a deputy *de jure.*   We have
expressly held that a deputy *de jure* may accept notice
of appeal for his principal. · *Sanxey v. Glass Co.*, 68

Iowa, 542. The motion to dismiss the appeal will therefore be overruled.

II. It is contended that the verdict is not supported by the evidence, and is contrary thereto. We have examined the record, and find there was a conflict in the testimony; and, under well-known rules, we cannot interfere with the findings of the jury.

III. During the argument of the case to the jury the attorney for the defendants stated several times that the plaintiff was a non-resident of the state, and a wealthy foreign corporation; that the defendants were poor; that the plaintiff, he believed, was doing business all over the world, and was not required to even file its article of incorporation with the auditor of this state, like a foreign insurance company was required to do, but sewing machine companies were allowed to roam at will, and rob people as they pleased. In the course of this argument he said that the law should declare a contract like the one in this case, and which was introduced in evidence, not only void, as against public policy, but the corporation attempting to enforce it should have its property confiscated to the school fund, like in case of usury, or when a man pays a fine for drunkenness; that he was in favor of the national congress and the legislatures of each state passing laws to that effect. He also states that the plaintiff had accepted George Brayton for the payment of the note sued on, and had taken an ironclad mortgage on everything he had. At this point, plaintiff's counsel objected to this statement,—that there was no evidence to support it. The court then stated in the presence of the jury that there was no evidence to show that any mortgage was given by Brayton to plaintiff to secure the note in the suit, or that any mortgage that may have been taken by plaintiff from Brayton, if they

took any, included the property transferred by defendant to Brayton. Counsel then said he did not mean to convey the idea that the mortgage covered the note in suit. There were a number of references, in the opening and closing arguments of the defendant's counsel, to the fact that the plaintiff was a wealthy corporation. A new trial was asked on account of this misconduct. The statements were inflammatory and highly prejudicial, and, in so far as they purport to be of facts, they are without support of any kind in the testimony. It is no doubt the duty of counsel to make the most of his client's case that he can by legitimate argument, but he is outside of his duty and right when he appeals to prejudice entirely irrelevant to the case. As said by *Chief Justice Ryan in Brown v. Swineford*, 44 Wis. 282: "The very fullest freedom of speech within the duty of his profession should be allowed to counsel; but it is license, and not freedom of speech, to travel out of the record, basing his argument on facts not appearing, and appealing to prejudices irrelevant to the case, and outside of the proof. It may sometimes be a very difficult and delicate duty to confine counsel to a legitimate course of argument, but, like other difficult and delicate duties, it must be performed by those upon whom the law imposes it. It is the duty of the circuit courts in jury trials to interfere, in all proper cases, of their own motion. This is due to truth and justice, and if counsel persevere in arguing upon pertinent facts not before the jury, or appealing to prejudice foreign to the case in evidence, exception may be taken by the other side, which may be good ground for a new trial, or for a reversal in this court." See, also, *State v. Helm*, 92 Iowa, 540; *Henry v. Railroad Co.*, 70 Iowa, 233; *Whitsett v. Railroad Co.*, 67 Iowa, 159; *Jones v. Association*, 92 Iowa, 652, and cases cited; *Hall v. Wolff*, 61 Iowa, 559.

We think the line of argument pursued by counsel in this case was prejudicial, and that a new trial should have been granted on account thereof.—*Reversed.*