[No. 3080. Decided March 27, 1899.]

I. N. FLEISCHNER *et al., Appellants,* v. J. V. BEAVER,. *Defendant,* LOUIS DAUSSAT, *as Intervenor, Respondent,* AND THE ROYAL INSURANCE COMPANY *et al., Respondents.*

CROSS-EXAMINATION—PROPER LIMITS.

Whether or not a cross-examination has reached the proper limit, is a matter within the discretion of the court, and its refusal to permit further cross-examination upon points already gone over is not error.

APPEAL—ERRORS NOT RAISED BELOW—REMARKS OF COURT.

Error cannot be predicated upon remarks made by the court during trial, when no objection was interposed at the time, nor the court's attention called thereto.

QUESTION FOR JURY—PROPRIETY OF WITNESS'S ACTIONS.

Whether questions put by an insurance adjuster to the assured, when adjusting a loss, were proper or impertinent, is not a matter for the jury to determine.

INSTRUCTIONS—RELEVANCY TO FACTS PROVEN.

It is not error for the court to charge the jury that they should regard with caution testimony as to admissions made by the defendant, coming from witnesses antagonistic to defendant, as it is to be presumed the court was informed of the attitude of the witnesses, from hearing them testify.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*Bausman, Kelleher & Emory,* and *Metcalfe & Jurey,* for appellants.

*McCutcheon & Gilliam,* for respondent Daussat.

The opinion of the court was delivered by

REAVIS, J.—Contest for insurance money, between garnishing creditors and the assignee of the insured. Appellants were creditors of defendant Beaver. Beaver sus-

tained a loss by fire of property which was insured in the four insurance companies, respondents. The loss was adjusted between Beaver and the insurance companies in the amount of $450, to be paid ratably by the companies. Before the payment of the money to defendant Beaver, it was assigned by him to Daussat, the intervenor respondent, and before payment to intervenor the fund was garnished in the hands of the insurance companies. Intervenor claims the fund by virtue of a written instrument of assignment, the consideration of which was founded upon board furnished and money advanced by intervenor to Beaver. Appellants challenged the assignment to intervenor for fraud. The case was heard before a jury and a verdict returned for intervenor.

There is no question upon the sufficiency of the evidence to sustain the verdict; but appellants complain of alleged errors in the introduction of testimony and upon the instructions of the court. Upon cross-examination of intervenor, who had testified to the execution and delivery of the assignment to him and that it was for a valuable consideration, he was asked by counsel for appellants of what the consideration consisted. He stated, an indebtedness for board and also money loaned at different times and amounts; one the date being mentioned, when $75 was loaned to defendant Beaver. The question was then asked, "Why did you loan him that $75?" To which question the court sustained an objection that it was immaterial and not proper cross-examination. The items constituting the $450 consideration for the assignment had already been very completely gone over, and the witness had before testified that he loaned him this $75, which was a portion of the amount that made up the note of $450. The legitimate cross-examination was upon the consideration of the assignment, and this had been already

very fully gone into. It was a matter properly in the discretion of the court as to when the cross-examination had reached the proper limit.

One of the witnesses for appellants, an insurance adjuster, while relating a conversation between defendant Beaver, the insured, and himself, when the witness was taking proof of loss, observed that he cautioned the insured that any false statement he might make would vitiate the whole claim, and that the insured must be careful about this. The court, at its own instance, here observed that this was an impertinence on the part of the adjuster. No objection was made by counsel for plaintiff to the remark of the court, and its attention does not seem to have been directly called to any criticism that counsel might have to offer upon it. While the remark of the court seems to have been voluntary, the cautionary statement of the adjuster, which he had just related, certainly was in fact very impertinent; and it may be observed that the further fact mentioned by the respective adjusters, that inquiries were made into the general indebtedness of the insured, with reference to proof of loss, came in the same class, as impertinence. They were only interested in the incumbrance on the property which had been destroyed. In fact, the witness whose statements had been commented upon as impertinent by the court, shortly afterwards stated on cross-examination that his questions to the insured relative to his general indebtedness and while taking proof of loss partially arose from his personal curiosity. The objections sustained to other questions propounded by appellants to their witnesses in the examination in chief do not, we think, constitute reversible error.

During the argument of intervenor's counsel, it was mentioned that a witness's questions to the insured had been characterized by the court as impertinent. Appellants' counsel thereupon asked the court to instruct the

jury that they were the judges of the fact as to the insurance adjuster's right to question the insured, which the court refused to do. It can hardly be conceded, if this were at all important, that the jury should have the function of determining a proper or improper question propounded by an adjuster.

The eighth error assigned by the appellants is of more force, at first impression, than the others. The court admonished the jury that they should regard testimony as to admissions made by the defendant with caution, when they came from witnesses interested or antagonistic to the defendant. As an abstract legal proposition, this statement is perhaps correct; and upon an examination of the testimony of some of the witnesses of appellants, it cannot be said that the court, hearing them testify, could not fairly infer they were antagonistic. The superior court, in the atmosphere surrounding the trial, is better informed upon the attitude of witnesses than the court which merely has the paper record before it. The other requests for instructions by counsel for the appellants which were refused by the court were, we think, substantially given in the general charge. Upon the whole case, we do not find any reversible error, and the judgment of the superior court is affirmed.

GORDON, C. J., and ANDERS, J., concur.

DUNBAR, J.—I dissent for the reason that I think the eighth error assigned was well assigned.