[No. 5059. Decided December 20, 1904.]

THE STATE OF WASHINGTON, *Respondent*, v. CAD JOHNSON, *Appellant*.[1]

CRIMINAL LAW — LARCENY—EVIDENCE — UNIDENTIFIED MONEY— CORROBORATING CIRCUMSTANCE. In a prosecution for the larceny of a twenty dollar gold piece, which the prosecuting witness testified positively was taken from his pocket by the defendant in a certain room, where the defendant was at once arrested and denied the possession of the money, or that it was in the room, a twenty dollar gold piece found secreted in the room within half an hour after the arrest is admissible as a circumstance corroborating the witness, although he was unable to identify it.

CRIMINAL LAW—INFORMATION—VARIANCE—IDEM SONANS. It is not a fatal variance between an indictment and the proof upon a prosecution for larceny from the person of one Shuter, that the name was misspelled in the indictment with a double "t," since they are *idem sonans*.

LARCENY—EVIDENCE—SUFFICIENCY. When the larceny of a twenty dollar gold piece was actually seen, and is testified to positively, there is sufficient evidence to warrant a conviction, the credibility of the witness being entirely for the jury.

Appeal from a judgment of the superior court for King county, Bell, J., entered July 11, 1903, upon a trial and conviction of the crime of larceny. Affirmed.

*Morris, Southard & Shipley,* for appellant.

*W. T. Scott* and *Elmer E. Todd,* for respondent.

MOUNT, J.—Appellant was convicted of the crime of larceny from the person of one Henry Shuter. It is claimed by appellant that the trial court erred in admitting evidence of the finding of a twenty-dollar gold piece in the room in which the larceny is alleged to have occurred. The prosecuting witness testified, in substance, that he was with the appellant on the evening

1Reported in 78 Pac. 903.

of February 16, 1903, in room No. 8 of what is known as the Diamond House in Seattle; that the appellant, while sitting on his knee, put her hand into his pocket and took a twenty-dollar gold piece therefrom; that he discovered her hand in his pocket and saw the money in her hand; that he thereupon demanded that she return it to him, which she refused to do; that he immediately sent for a policeman, who arrested the appellant and took both the witness and the appellant to the city jail; that appellant, at the time of the arrest, stated to the policeman that she had not taken the twenty dollars, and that she did not have any money, and that there was none in the room. Within about half an hour after the arrest, the policeman and the witness returned to the room, and, upon a search, found a twenty-dollar gold piece secreted on the dresser under a dresser cloth. The witness could not identify this particular piece of money as his own. The gold piece was offered in evidence and received over the objection of the appellant.

This evidence relating to the gold piece was a circumstance which tended to corroborate the witness, and which the jury had a right to consider, along with the other evidence in the case. The weight to be given this circumstance was solely for the jury. The court did not err, we think, in admitting it, or in refusing, upon motion, to strike it out.

Counsel for appellant again argue that there was a fatal variance between the indictment and the proof. There is no merit in this contention. The indictment alleges that "defendant wilfully, unlawfully, and feloniously the personal property of one Henry Shutter . . . did take, steal, and carry away," while the proof shows that she took the property of Henry Shuter. It will be noticed that the name in the indictment is spelled with

a double "t," while the prosecuting witness said that he spelled his name with but one "t." The rule, as stated in 1 Bishop's New Criminal Proc., at § 688, is as follows:

"The law not regarding orthography, no harm comes from misspelling a name, provided it is *idem sonans* with the true spelling. In reason, on a question not much discussed in the books, the court or jury should determine the pronunciation of the misspelled word in the light of the rule that of two or more not unreasonable interpretations of an indictment, the one shall be adopted which sustains the proceeding; so that if the misspelled name can fairly be pronounced substantially the same as is the true one, there is no variance. Or, as expressed by Stone, J., 'If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, then the variance is immaterial.'"

Under this rule the variance in this case was immaterial.

Appellant also contends that the evidence is not sufficient to sustain the verdict. From what we have stated of the testimony of the complaining witness, it is readily seen that there was sufficent evidence to go to the jury, provided the witness was worthy of belief. This was a question entirely for the jury. After carefully reading all the evidence in the case, we are not disposed to disturb the verdict.

There is no error in the record, and the judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.