DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 11227. Department One. August 12, 1913.]

J. W. REYNOLDS, *Respondent*, v. PACIFIC CAR COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS — NEGLIGENT USE OF STREETS — AUTOMO-BILES—RATE OF SPEED—EVIDENCE—SUFFICIENCY. A finding that plaintiff's automobile at the time of the accident was not exceeding the speed limit of 12 miles an hour, is warranted, where plaintiff estimated his speed at from 12 to 15 miles and said that while his car was going the last 60 feet, defendant's car traveled 180 feet, and defendant's driver said his speed was from 18 to 22 miles.

SAME—PROXIMATE CAUSE—QUESTION FOR JURY. A recovery for damages caused by a collision of automobiles is not precluded, as a matter of law, by the fact that plaintiff's car approached the crossing on the left at the center of the street, in violation of an ordinance, where it does not conclusively appear that he was to the left of the center when the collision took place, nor that violation of the ordinance was the proximate cause.

SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Where automobiles colliding at a crossing were not meeting, and the duties of the drivers in respect to turning out were equal, it is a question for the jury as to whether the plaintiff should have turned to the right (CHADWICK, J., dissenting).

WITNESSES—CROSS-EXAMINATION—LIMIT—FORMER TESTIMONY. It is not error to limit the cross-examination of a party touching his testimony in a former trial, where there was no substantial difference in his testimony in the two cases (CHADWICK, J., dissenting).

SAME—CROSS-EXAMINATION—DISCRETION OF COURT. The extent of the cross-examination of a party rests in the discretion of the trial court.

[1]Reported in 134 Pac. 512.

APPEAL—REVIEW—HARMLESS ERROR. In an action for damages caused by a collision of automobiles, it is harmless error to withdraw from the jury the defendant's cross-complaint for damages to his car, where the jury found that the plaintiff was not, and that the defendant was, guilty of negligence.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 14, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Fitch, Jacobs & Arntson*, for appellant.

*Davis & Neal*, for respondent.

Gose, J.—The plaintiff brought this action to recover damages to his automobile arising from a collision between it and a taxicab owned and operated by the defendant. There was a verdict and judgment in his favor. Defendant has appealed.

At the time of the collision, the respondent was traveling north on Ainsworth avenue, which runs north and south in the city of Tacoma. Sixth street runs east and west. The respondent was driving his car somewhat to the west of the center of the avenue. The taxicab was traveling west on the north side of Sixth street, at a speed of from 18 to 22 miles an hour, according to the testimony of its driver. Respondent said it was traveling at a speed of from 30 to 35 miles an hour. The collision occurred about the center of Ainsworth avenue near the north side of Sixth street. There was testimony tending to show, that the respondent first observed the taxicab when he was at a point sixty feet from the place of collision; that the taxicab was then about 180 feet distant from the point of collision; that the respondent applied his brakes at a point about 20 feet from the place where the cars collided, and that he there veered somewhat to the right; that there was ice on the street; that his car slid and, after striking the taxicab at or about its rear wheel, reversed its course and stopped about 15 feet north of the point of contact, and

that the taxicab stopped about 100 feet west of that point. The driver of the taxicab testified that to avoid a collision he increased the speed of his car, and that he relied upon the respondent's passing behind him. The respondent and a witness who was riding with him estimated the speed of his car at 12 to 15 miles an hour. The driver of the taxi said that the speed of the respondent's car was greater than the speed of the taxi. The speed limit at the point of contact of the cars is 12 miles an hour.

The appellant first contends that it was entitled to a directed verdict because, as it asserts, the evidence of respondent shows that he was driving his car faster than 12 miles an hour. His estimate, as we have seen, was that he was traveling at a speed of from 12 to 15 miles an hour. He also said that, while he was driving the last 60 feet, the taxicab traveled 180 feet. The driver of the taxi said his speed was from 18 to 22 miles an hour. From this evidence, it is obvious that the jury was warranted in finding that the speed of respondent's car was less than 12 miles an hour.

It is argued that the motion for a directed verdict should have been granted because the respondent was traveling to the west of the center of the avenue. This view cannot be sustained, for two reasons: (a) It does not conclusively appear that the respondent was to the left of the center of the avenue at the point of the collision: and (b) if he was, the proximate cause of the collision is a mixed question of law and fact. It will be remembered that the machines were traveling upon different streets and in different directions. The violation of the ordinance was not the proximate cause of the injury.

"So far as human foresight could go, the violation of the ordinance might have prevented, as well as produced, the catastrophe." 1 Thompson, Negligence, § 58.

It is said that it was the duty of respondent to turn to the right. The cars were not meeting. Moreover the duties

of the drivers in this respect were equal. This question was for the jury. Touching the last two questions, the court instructed that the burden was upon the respondent to prove by a preponderance of the evidence that the collision was caused by the negligence of the appellant; that the respondent could not recover unless he "was free from contributory negligence;" that, if both parties were negligent, there could be no recovery; that the law of the state and the city required the driver of an automobile to keep to the right of the center of the street upon which he was driving; and that, in determining the question as to whether the respondent was guilty of contributory negligence, the jury should consider the duty imposed upon drivers by such laws.

Error is assigned to the ruling of the court limiting the cross-examination of the respondent touching his testimony in a former trial, upon an issue between the appellant and a third party who was struck and injured by the appellant's car as a result of the collision in controversy. The assignment is without merit, (1) because there was no substantial difference in his testimony in the two cases, and (2) because the extent of cross-examination rests in the discretion of the trial judge. Jones, Evidence (2d ed.), § 826.

It is charged that the court erred in refusing to permit counsel to cross-examine respondent touching other accidents with his car "for the purpose of showing that he was an habitually careless driver." This assignment falls within the rule previously stated, that the trial court may control the extent of cross-examination.

The appellant sought to recover damages upon a cross-complaint. This was withdrawn from the jury upon the admission of its counsel that the taxicab at the time of the collision was exceeding the limit of speed fixed by the city ordinance and the state law. This is assigned as error. It suffices to say that the jury, by its verdict upon admittedly correct instructions, has found that the appellant was, and the re-

spondent was not, guilty of negligence.   It follows that the appellant was not prejudiced by the ruling.   Affirmed.

CROW, C. J., MAIN, and PARKER, JJ., concur.

CHADWICK, J. (dissenting)—I think that respondent was guilty of contributory negligence and is therefore not entitled to recover.   Under the circumstances as developed on the trial, I think, too, that the cross-examination of the respondent should not have been limited.