[No. 19133.   Department One.   July 15, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. AMANDA
TRUELOVE, *Appellant*.[1]

CRIMINAL LAW (100)—LARCENY (15)—EVIDENCE—CORROBORATING
CIRCUMSTANCES. In a prosecution for larceny of money, it is admissible to show that a witness to the theft was given part of the money, which he secreted, and upon arrest disclosed the hiding place to the police, who found money hidden therein as related.

WITNESSES (72)—CROSS-EXAMINATION—LIMITATION—DISCRETION OF
COURT. The extent of cross-examination is largely discretionary, and a limitation thereof will not be disturbed where no abuse of discretion appears.

CRIMINAL LAW (238)—TRIAL—MISCONDUCT OF COUNSEL. The prosecuting attorney's reference to a witness as the keeper of a house of prostitution, is not prejudicial, where it was addressed to the question of her credibility, she having been recently convicted of prostitution.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered February 21, 1924, upon a trial and conviction of larceny. Affirmed.

*Remann & Gordon*, for appellant.

*J. W. Selden* and *H. R. Carothers*, for respondent.

PARKER, J.—The defendant, Amanda Truelove, was charged by information filed in the superior court for Pierce county with the crime of grand larceny, in that she stole from the person of one Woodard $200 in money of the United States. Her trial in that court, sitting with a jury, resulted in a verdict of guilty against her and a judgment rendered thereon sentencing her to the penitentiary, from which she has appealed to this court.

The evidence warranted the jury in believing, and it evidently did believe, the facts to be established in substance as follows:   At the time of the alleged

[1]Reported in 237 Pac. 727.

theft, which was shortly after midnight, Woodard and a companion were at a hotel in Tacoma being operated by appellant. They had been served with drinks of intoxicating liquor by appellant. Woodard had become intoxicated to the extent that he was in such a state of stupor that he was practically unconscious of his surroundings. Appellant, while sitting on a sofa with him and her arm around his neck, served him with the final drink and then took from his pocket a purse containing about $200 in money. His companion saw her do this. She then got up and went out of the room, Woodard's companion following her. When he overtook her in another room, she gave him $45 of the money, saying to him "hush." Soon thereafter Woodard was taken by his companion in a taxi to another hotel and put to bed. His companion then went to his own home and put the $45 with $25 of his own money under a rug in his home. He was arrested the next day because of his knowledge of facts seemingly leading up to the death of Woodard, which the police suspicioned was criminally brought about by some one. He then told the police of the taking of the money from appellant and placing it in his home, and they soon thereafter found the $70 there as he had informed them they would find it. Woodard was found dead in bed the next morning after the theft of his money, in the hotel to which his companion had taken him. The evidence rather strongly suggests that appellant was, or had been recently, conducting a house of prostitution. Appellant had been several times recently convicted of prostitution, and also of soliciting for that purpose.

It is first contended that the trial court erred to the prejudice of appellant by admitting in evidence, over the objection of her counsel, testimony of Woodard's

companion, who was a witness for the state, as to what he did with the money, and also testimony of a police officer as to finding the money in the witness's home where he said he had placed it. It seems to us that this evidence amounts to nothing more than taking the place of producing the money in court and statements of witnesses tracing it from the hands of appellant. We think this testimony of Woodard's companion and the police officer disclose circumstances material and relevant to the question of appellant's guilt. Its weight, of course, was for the jury to determine. *State v. Munson,* 7 Wash. 239, 34 Pac. 932; *State v. Johnson,* 36 Wash. 294, 78 Pac. 903.

It is next contended that the trial court, after it had appeared by the cross-examination of Woodard's companion that his wife had obtained a divorce from him, and after considerable cross-examination of him touching matters going to his credibility as a witness, erred to the prejudice of appellant in refusing to require him to answer the question, "And the ground upon which she obtained that divorce was you failed to support her and her baby child?" In view of the extent to which he had been cross-examined by appellant's counsel upon matters touching his credibility as a witness, we think the trial court did not abuse its discretion in thus limiting his cross-examination. Just when a trial court has abused its discretion in limiting cross-examination along these lines is, of course, not usually easy to determine. It is, however, a matter largely in the discretion of the trial court. We can not see that there was any abuse of such discretion in this case. *Carroll v. Centralia Water Co.,* 5 Wash. 613, 32 Pac. 609, 33 Pac. 431; *Fleischner v. Beaver,* 21 Wash. 6, 56 Pac. 840; *Reynolds v. Pacific Car Co.,* 75 Wash. 1, 134 Pac. 512; 40 Cyc. 2570.

It was finally contended that the prosecuting attorney abused his argument privilege by making unwarranted prejudicial remarks to the jury. It seems to us sufficient to notice only one of these, which comes nearest to being prejudicial error against appellant. Among other things, referring to the evidence which the prosecuting attorney evidently conceived as touching the question of appellant's credibility as a witness, he said, "She has brought it on herself by her own manner of life following the practices she has in conducting a house of prostitution." In view of the evidence from which such an inference might be drawn, as we have already noticed, we are not prepared to say that in this remark the prosecuting attorney went beyond legitimate argument, the remark being addressed to the question of appellant's credibility as a witness, she having testified.

The judgment is affirmed.

TOLMAN, C. J., BRIDGES, ASKREN, and MAIN, JJ., concur.