[No. 19277. Department One.    September 29, 1925.]

VERA McSWEYN, *as Administratrix of the Estate of Malcolm N. McSweyn, Deceased, Appellant,* v. THE CITY OF EVERETT, *Respondent.*[1]

TRIAL (47)—MISCONDUCT OF COUNSEL—COMMENTS AND ARGUMENT —STATEMENTS OUTSIDE RECORD—PREJUDICE. It is prejudicial error, requiring a reversal of a case, for counsel, in arguing the case to the jury, to be guilty of repeated and persistent indulgences in appeals to prejudice in defiance of the record and caution of the court, amounting to grave departures from the rule of, and preventing, a fair and impartial trial.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered September 2, 1924, upon the verdict of a jury rendered in favor of the defendant, in an action in tort. Reversed.

*Sherwood & Mansfield,* for appellant.

*O. Duncan Anderson* and *J. W. Dootson,* for respondent.

[1]Reported in 239 Pac. 206.

MITCHELL, J.—This action was brought against the city of Everett on account of the death of Malcolm N. McSweyn from typhoid fever, alleged to have resulted from drinking contaminated water furnished by the city in the summer of 1923. The plaintiff has appealed from a judgment on a verdict in favor of the city.

The decedent and his family were residents of Everett, and during that summer were patrons of the water supply owned and furnished by the city. He drank the water and died of typhoid fever. The record shows that, within a comparatively short time that summer, there were about eighty cases of fever and a number of deaths therefrom in the city, on account of which a number of claims or suits, or both, had been filed against the city at the time of the trial of this action. The fact sought to be established by the evidence on behalf of the appellant was that the pollution of the water was caused by the defective installation of a by-pass in connecting the privately owned fire protection system of the Eclipse Mill Company with the city's water system. The system of the mill company was such that it took water immediately out of the river within the city's limits and stored it in such manner as to cause a pressure in excess of that in the main of the city's system, at the by-pass, during times of heavy demands on the city's supply for sprinkling purposes, thus allowing the polluted waters of the river to pass into the water that the city supplied its inhabitants for drinking purposes.

Assignments of error relate to a number of instructions to the jury to which exceptions were filed, and to the refusal of the court to give others that were requested, to which refusal exceptions were filed; and, also, to misconduct on the part of the attorney who represented the city at the trial. As to the instruc-

tions given and refused, we think it is unnecessary to set them out in this opinion. Upon an examination and consideration of them, we are of the opinion that those given were clear, proper and sufficient. They fully covered the case as presented by the evidence on behalf of both parties. Those requested and not given as requested were substantially covered by those given, or not applicable to the particular facts and theory of appellant's case.

Consideration of the alleged misconduct of the city attorney requires more detail. It appears that one Stutchell was manager of the Eclipse Mill Company and was examined as a witness towards the close of the trial. Before he was examined, however, the city attorney, in the course of the direct examination of his own witness, Doctor Fulton, acting city health officer, with reference to a conversation between the acting health officer and Mr. Stutchell, in the absence of anyone representing the McSweyns and while an examination was being made by Doctor Fulton into the cause of the polluted water, questioned him as follows: "State whether or not at that time Mr. Stutchell flew into a rage and told you he didn't give a damn for the public health and was going to have ample fire protection?" Appellant's counsel promptly interposed an objection to the question as "incompetent, irrelevant and immaterial and not binding upon any of the parties to this suit. I don't think we are trying Mr. Stutchell here. We are trying the city's negligence." City Attorney: "Mr. Stutchell is directing this case against the city." Mr. Sherwood (of counsel for appellant): "We object to that remark and ask that the jury be instructed not to regard it for any purpose." The Court: "The objection will be sustained on the ground it goes to a matter that is irrelevant and not

an issue in this case, and the jury will be instructed to disregard the remarks of both counsel in regard to the question.'' Still further objection arises out of statements made by the city attorney during his argument to the jury. In that respect we take from the record the following:

''City Attorney: This case is the key case and will have its effect upon ever so many other cases now pending. (Plaintiff's counsel here objected to this statement.) City Attorney: I am making this statement not for the effect it may have upon the jury in determining the liability in this case, I am representing it to them to show the necessity of extraordinary care in this case, the tremendous importance of it. This is the only purpose I have in referring to the number of cases that are pending now against the city. The Court: The jury will be instructed that it is the duty of the jurors to determine this case singly and alone without any reference whatsoever as to its effect upon any other cases which may hereafter be tried. City Attorney: The Eclipse Mill Company is a million dollar corporation. Why didn't the plaintiff sue the Eclipse Mill Company?''

Plaintiff's counsel here objected and asked the court to admonish the jury.

''The Court: Yes, it is not an issue in this case and the jury is so instructed. City Attorney: Throughout the trial the paid attorney for the Eclipse Mill Company has been in the court room advising and counselling with the attorneys for the plaintiff. Mr. Mansfield: We desire again to interpose an objection to the remarks of counsel and the attempt to prejudice the jury, and ask that the jury be instructed to disregard any statement of counsel bearing thereon. The Court: The jury will be instructed to disregard entirely the remarks of counsel relative to the so-called paid attorney of any person or corporation not a party to the action. City Attorney: If they do not get a judgment against the city of Everett they will sue the Eclipse

Mill Company. Mr. Mansfield: We interpose an objection to the remarks of counsel as not bearing upon the evidence in this case. The Court: The objection will be overruled. Counsel is attempting to discuss the claimed interest of witnesses. City Attorney: That is exactly what I am doing now, discussing the interest of Mr. Stutchell. This is a case between the Eclipse Mill Company and the city of Everett. City Attorney: You heard the witness testify that Mr. Stutchell said he didn't give a damn for the public health. Mr. Sherwood: We desire to interpose an objection and ask that the Court admonish the jury to that effect. The Court: I think I will admonish the jury in this instance. City Attorney: It was testified by Dr. Fulton that Mr. Stutchell said he didn't give a damn for the public health. Mr. Mansfield: We interposed an objection which was sustained and later directed the Court's attention to the objection which was made. They offered to prove it again and we objected again which objection was sustained. The Court: Yes, the jury is instructed to wholly disregard the statement of counsel relative to the testimony of Dr. Fulton concerning the remarks of the witness Stutchell for the reason the same is not borne out by the record.''

The pleadings presented a case of importance. Each party was entitled to a fair and impartial trial according to the established rules of judicial procedure. A trial in a court of justice should be on the merits. This case was well tried and the rule of fairness observed until violated by the course complained of against the city attorney. There is nothing in the record to suggest, nor any claim in the argument on behalf of the city, that the conduct complained of was defensive of any provocation on the part of the appellant. However intelligent, impartial and honest jurors may be, they, of course, find it difficult to decide correctly and fairly the complicated questions of fact submitted to them in a law suit, without their being influenced and

disturbed by that which naturally appeals to passion and prejudice.

We are not called upon nor are we considering and deciding a case of a single breach, nor any number less than repeated and persistent indulgences in appeals to prejudice, in defiance of the record and caution of the trial court. It is the cumulative effect of improprieties that is involved. They were grave departures from the rule of a fair and impartial trial that could be attempted to be overcome only by the sometimes dangerous expedient or method of constant objections by counsel in the presence of the jury, and admonitions by the court. There are cases which hold, under the particular circumstances of such cases, that because of the recognized and admitted intelligence of jurors, immediate caution by the court is supposed to remedy the evil effects of such appeals. On the contrary, there are cases, not inconsistent with the kind just referred to, which state that the difficulty with remarks of that kind frequently repeated is that one by one they will locate a feeling in the minds of the jury it is impossible to eradicate. *Snider v. Washington Water Power Co.,* 66 Wash. 598, 120 Pac. 88; *Rogers v. Kangley Timber Co.,* 74 Wash. 48, 132 Pac. 731; *Johnston v. Seattle Taxicab & Transfer Co.,* 85 Wash. 551, 148 Pac. 900; *Duval v. Inland Navigation Co.,* 90 Wash. 149, 155 Pac. 768; *Schwalen v. Fuller & Co.,* 107 Wash. 476, 182 Pac. 592, 187 Pac. 366, 10 A. L. R. 296; *Latham v. United States,* 141 C. C. A. 250, 226 Fed. 420; *Grant v. Varney,* 21 Colo. 329, 40 Pac. 771; *Wheeler & Wilson Mfg. Co. v. Sterrett,* 94 Iowa 158, 62 N. W. 675; *Wabash R. Co. v. Billings,* 212 Ill. 37, 72 N. E. 2; *Paulsen v. Mc-Avoy Brewing Co.,* 220 Ill. App. 273; *Rudolph v. Landwerlin,* 92 Ind. 34; *Hillman v. Detroit United Ry.,* 137 Mich. 184, 100 N. W. 399; *Hodge v. St. Louis,* 146 Mich.

173, 109 N. W. 252; 38 Cyc. 1496, 1498. In nearly all of the cases just cited it was held that the misconduct complained of constituted reversible error, notwithstanding the denial by the trial court in each case of a motion for a new trial.

We need not cite other cases nor refer further to those already mentioned, other than the case of *Schwalen v. Fuller & Co., supra,* and *Rudolph v. Landwerlin, supra.* In the *Schwalen* case, in reversing the trial court, we said:

"Counsel for the respondent, in his examination of the jurors upon their *voir dire,* ingeniously and persistently so interrogated them as to suggest that an indemnity bonding company was interested in the defense of the action. While no direct statement was made that would indicate the interest of such bonding company, yet the impression was created that such interest existed. A matter presented as was this must be left to the ethics of the profession and the discretion of the trial judge, but where a course of conduct is persisted in apparently with the purpose of prejudicing the jury, the exercise of a wise discretion should call for a ruling which would discontinue such conduct."

In the *Rudolph* case the court, in reversing the trial court, said:

"It does not necessarily follow, because the court upon the trial did its duty, that there has been no available error. If there was an irregularity in the proceedings of the prevailing party, through the misconduct of his attorney in argument, by which the other party was prevented from having a fair trial, and such irregularity was not waived, but was objected to on the trial for good reasons stated at the time, and was assigned as a cause in a motion for a new trial, the overruling of such motion is an error for which the judgment may be reversed.

"Very many abuses in argument may be sufficiently corrected by the instructions of the court to the jury, and a large discretion as to the refusing of new trials

because of such violations belongs to trial courts, and this court will not interfere because of an abuse in argument which was sufficiently counteracted by the action of the trial court in the premises; but it will interfere where, notwithstanding the efforts of the trial court to correct the abuse, the irregularity appears to be such as to prevent a fair trial, and the particular circumstances of each case will guide this court to its decision.

"In the case before us, if the first departure of counsel might have been rendered harmless, the second outbreak could not have been inadvertent, but was without any excuse, and it can only be regarded as a purposed violation of the admonition of the court and an attempt to gain an advantage in a court of justice by a known wrong."

Upon consideration of the record with respect to the misconduct complained of, and notwithstanding the discretion vested in the trial court in disposing of the motion for a new trial, we are convinced there was prejudicial error here that makes it necessary to reverse the judgment and direct a new trial.

This disposition of the assignments discussed renders it unnecessary to discuss others mentioned in the brief.

Reversed.

TOLMAN, C. J., PARKER, and ASKREN, JJ., concur.