[No. 20091.  Department One.  January 6, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. DWIGHT DUTCHER, *Appellant*.[1]

[1] INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—WITHOUT WARRANT—PROPERTY SUBJECT. A seizure without a search warrant, of intoxicating liquor which the officers saw the defendant take from its hiding place, is not unlawful and does not render it subject to be suppressed as evidence, even though the officers entered without invitation or warrant for an arrest.

[2] WITNESSES (104)—IMPEACHMENT—FORMER CONVICTION. Defendant's previous conviction of a crime may be shown by the state on rebuttal to affect his credibility without first cross examining him as to such previous conviction.

[3] CRIMINAL LAW (238)—TRIAL—MISCONDUCT OF COUNSEL. The prosecuting attorney's somewhat intemperate references regarding the credibility of witnesses is not ground for a reversal where the jury was instructed to disregard them.

[1]Reported in 251 Pac. 879.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered October 23, 1925, upon a trial and conviction of the unlawful possession of intoxicating liquor, with intent to sell. Affirmed.

*Joseph H. Smith,* for appellant.

*C. T. Roscoe, Charles R. Denney* and *John C. Richards,* for respondent.

MAIN, J.—The defendant was charged by information with the crime of unlawfully having in his possession intoxicating liquor with the intention to sell the same. The trial resulted in a verdict of guilty and he appeals.

From the evidence, the jury had a right to find the facts in substance as follows: At 2926½ Rucker avenue in the city of Everett there is a two story building. The first floor is used for business and the second for living quarters. On the evening of September 20, 1924, at about nine o'clock, two officers stationed themselves about forty feet to the rear of the premises. While they remained there, the appellant came out on the back porch on three or four occasions, reached up on the roof over the porch each time and took down a bottle. After he had come out a number of times, the officers then went up the back stairs, and the appellant, hearing the noise made by one of them falling, came to the door. When he saw the officers he sought to escape. The officers entered the building. One of them pursued him and, while a scuffle was taking place between them the officer took from the hip pocket of the appellant a bottle partially filled with moonshine whiskey. In the room which the officers first entered were two men sitting at a table and there were some glasses on the table. One of these glasses smelled of intoxicating liquor. The officers then found on the

roof over the back porch, where they had seen the appellant go for the bottles, another bottle filled with moonshine whiskey. The appellant was arrested and charged as above indicated.

[1] It is first contended that the officers were operating under an invalid seach warrant and therefore the appellant's motion to suppress the evidence made in due time should have been granted. Whether the search warrant was valid will not here be inquired into. The officers saw the defendant take bottles of intoxicating liquor from the roof over the porch and found one in his hip pocket. On this question the case is controlled by that of *State v. Basil,* 126 Wash. 155, 217 Pac. 720, where it was held that the seizure without a search warrant of intoxicating liquor from the place in a dwelling house, where the officers had seen the accused deposit it, was not unlawful and did not render the evidence subject to be suppressed, even though the officers entered the house of the accused without invitation or any warrant for an arrest or search. The motion to suppress the evidence was properly denied.

[2] It is next contended that it was error for the trial court to permit witnesses, called by the state in rebuttal, to give evidence of prior convictions of the appellant without the state having first laid the foundation for the use of such testimony by cross-examination of the appellant. This question is discussed and decided adversely to the appellant's contention in the recent case of *State v. Pielow, ante,* p. 302, 251 Pac. 586.

[3] Finally, it is contended that the prosecuting attorney, during his closing argument to the jury, was guilty of misconduct which was prejudicial to the rights of the appellant. During this argument the prosecuting attorney was repeatedly interrupted by the then counsel for the appellant, and the court instructed the jury that they were to disregard every-

thing but the evidence. The remarks complained of, while in certain respects more intemperate than we would approve of, yet we do not find in them anything which would justify a reversal. There was nothing more serious than appeared in the case of *State v. Truelove,* 135 Wash. 377, 237 Pac. 727, where it was held that the remarks of the prosecuting attorney complained of were not prejudicial.

The case now before us differs from that of *McSweyn v. Everett,* 136 Wash. 202, 239 Pac. 206, where there was repeated and persistent indulgence in appeals to prejudice in defiance of the record and caution of the court.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and FULLERTON, JJ., concur.