THE PEOPLE OF PUERTO RICO, Complainant and Appellee, *v.* DARÍO ARROYO MORALES, Defendant and Appellant.

No. 7140. Argued January 9, 1939.—Decided May 29, 1939.

852

*F. Pérez Rejis*, attorney for the appellant; *R. A. Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney;* attorneys for The People, appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

On April 5, 1938, Darío Arroyo Morales was convicted of a violation of Section 7 of ''An Act to regulate the sale of firearms in Puerto Rico; to order their declaration, however they may be possessed; to prohibit the delivery thereof to certain persons; to impose penalties, and for other purposes'', approved July 8, 1936. (Third Special Session Laws 128, 132.) On April 6 a district-attorney's stenographer accepted service of a notice of appeal which was then filed in the office of the secretary of the district court. This acceptance of service was signed ''Pedro Rodríguez Serra, District Attorney, Per H. Rivera, stenographer''.

On July 15, 1938, appellant filed in this court a demurrer to the information, a brief in support of his demurrer, and a motion for leave to challenge the information for alleged failure to state an offense under Section 7 of the Law. Appelant explained that he was unable to pay for a transcript of the evidence or for the preparation of a statement of the case and that the district court had denied a motion for leave to prosecute his appeal *in forma pauperis*.

On August 10, 1938, December 20 was fixed as the day on which the case would be heard. On December 6, the fiscal of this court moved to dismiss the appeal for want of jurisdiction on the ground that the notice of appeal had not been served on the district attorney as required by section 350 of the Code of Criminal Procedure. December 12 was fixed as the day for the hearing of this motion.

During the forenoon of December 12, appellant filed a sworn statement to the effect that, as shown by the record, the notice of appeal had been served on the district attorney through his stenographer who had accepted such service; and that the notice of appeal had also been served on the district attorney in person. The motion to dismiss was heard in the afternoon of the same day. Appellant did not appear at the hearing and the appeal was dismissed. After the court's attention had been drawn to the affidavit filed by appellant, the order of dismissal was set aside and the motion to dismiss was again set for a hearing.

At the second hearing, January 9, 1939, the fiscal of this court presented a counter-affidavit in which the district attorney stated that the notice of appeal had never been served upon him; that one day during the period that had elapsed between December 19 and December 24, 1938, the attorney for appellant had informed affiant of the service on affiant's stenographer, and had requested an agreement that such service should be deemed a personal service; that affiant had declined this proposition on the ground that he did not wish to establish such a precedent in his office; that in an interview with counsel for appellant on December 28, 1938, affiant informed him of a letter received from the fiscal of this court whereupon the attorney stated that he had delivered to affiant a copy of the notice of appeal after the service thereof on affiant's stenographer, an affirmation which affiant had roundly denied. Inasmuch as counsel for appellant did not appear at the second hearing of the motion to dismiss, and

no notice of the counter-affidavit seems to have been given, contradictory statements concerning another matter mentioned in the two affidavits may be omitted here. Nowhere in the counter-affidavit does the district attorney deny that he had any knowledge of the fact that the stenographer, acting on his behalf and using his name and official title, had in writing accepted service of the notice of appeal. Nowhere does the district attorney say that he never received the copy of the notice of appeal delivered to his stenographer.

This court has heretofore held that the failure to serve a notice of appeal upon the district attorney is a jurisdictional defect. See *People* v. *Martínez*, 53 P.R.R. _____; *People* v. *Rubio*, 44 P.R.R. 866. As indicating a like trend in civil cases see *Santana* v. *Salinas*, 54 P.R.R. ____. Sections 350 and 351 of the Code of Criminal Procedure are set forth in full in *People* v. *Rubio*. If we are to adhere to this rule, we should not be too meticulous about proof of service.

In *People* v. *Escudero*, 41 P.R.R. 316, we held that "leaving a copy of the notice of an appeal on the desk of the prosecuting attorney" was "not a compliance with the statute." In this connection it was pointed out that: "The delivery must be personal or an impossibility of a personal service or the like be shown, as set forth in Section 351" of the Code of Criminal Procedure. If the affidavit of service had shown that the notice was left on the district attorney's desk during office hours and that neither the district attorney nor anyone else was in the office at the time, the result might or might not have been different.

In *People* v. *Rubio*, supra, this court said:

"If the appellant had not chosen to stand on the record when the issue was raised by the *Fiscal*, but had offered evidence showing that the envelope containing the notice of appeal was in fact delivered to, and received and opened by, the prosecuting attorney within the time fixed by law, thereby acquiring personal knowledge of the appeal, it might be held that the service by mail had become a personal one, without the aid of any express statutory provision."

The affidavit of service in the Rubio case did not even show that the notice had been sent by registered mail. If the affidavit had shown this and if it had been accompanied by a return receipt as further evidence of the fact that the envelope had been received by the district attorney, this would have sufficed, we think, to establish a delivery of the notice contained in such envelope.

In *People* v. *Varela,* 41 P.R.R. 879, the district attorney, within the time allowed for the taking of an appeal had stated in conversation that defendant had appealed from the judgment. Within the time allowed for appeal, appellant had served notice of a motion for a transcript of the evidence. In the opening paragraph of that motion, appellant had stated that he had taken an appeal. The district attorney together with counsel for appellant had signed a stipulation whereby they submitted a transcript of the evidence to the district judge for his approval. This court said:

"The purpose of the statutory requirement as to service of a copy of the notice of appeal on the district attorney is to inform the district attorney of defendant's first step in the prosecution of his appeal. Here the district attorney had both actual and written notice of the appeal. The notice contained in the first paragraph of the motion for a transcript of the evidence was a substantial compliance with the statute. By signing the stipulation for approval of that transcript the district attorney waived any formal defect in the notice so given."

In *People* v. *Mercado,* 45 P.R.R. ____, a notice of appeal had been sent by mail to the district attorney. The notice had not been served personally, because when appellant's attorney went to the district attorney's office, the district attorney was absent from the district. Subsequently appellant's attorney again visited the district attorney's office, and ascertained that the notice had been received. The parties had agreed that the case should be tried in the district court

and appealed to this court. In disposing of a motion to dismiss the appeal this court said:

"In *People* v. *Rubio*, 44 P.R.R. 866, we intimated that if the appellant could show that the notice by mail had reached the fiscal it might be maintained that the notice had been personally made. And in *People* v. *Varela*, supra, we held that the purpose of the statute was to give the People of Puerto Rico actual notice.

"Furthermore, we think that on the facts of the case an estoppel arose. The appellant went to the office of the district attorney and there ascertained that the notice of appeal had actually been received. When the attorney for the appellant went to the office of the district attorney for the purpose of making a personal service, as seems a fair inference, it became the duty of the district attorney to insist upon a more formal service, if he so desired. The whole circumstances of the case tend to show that the district attorney had personal notice of the appeal."

In *People* v. *Acevedo*, 48 P.R.R. _____, this court, in a majority opinion, distinguished the cases of *People* v. *Varela*, and *People* v. *Mercado*, supra, and held, as stated in the syllabus, that:

"The fact that when judgment is rendered against him, the defendant manifests his desire to appeal and asks that his bond be fixed, as well as the fact that the stenographer gives notice of his transcript of the evidence by delivering a copy thereof to the district attorney and it is later approved by the court in public session, is not equivalent to, nor does it imply, that the prosecuting attorney was notified of the appeal. (*People* v. *Varela*, 41: 871, and *People* v. *Mercado*, 45: ——, *distinguished.*)"

In *Ex parte Orellana*, 46 P.R.R. ____, this court also held, as stated in the syllabus, that:

"Where an appeal taken by the defendant in a criminal case is dismissed for failure to serve notice thereof on the prosecuting attorney, the defendant may again appeal and comply with the said requisite if the term fixed by law for taking the appeal has not expired."

In *People* v. *Hernámdez Laureano*, ante____ (Crim. No. 7458) the fiscal of this court had appeared and moved to

strike the case from the docket (*sobreseimiento y archivo definitivo*) but had not moved to dismiss the appeal. He was deemed to have waived the notice of appeal. This court held that it had jurisdiction, and proceeded to dispose of the case by reversing the judgment of the district court and remanding the case.

The rule, of course, is personal service. We would not be understood as holding otherwise. This, however, is an exceptional case.

The acceptance of service reads as follows:

"Notified with copy, this 6th day of April, 1938. Pedro Rodríguez Serra, District Attorney, by (Sgd.) H. Rivera, stenographer."

We see no reason why a district attorney may not authorize his stenographer to accept service of notices of appeal. An official stenographer, whether expressly authorized or not, who assumes such authority and accepts service of a notice of appeal in the manner above indicated, may, and should, we think, be deemed a *de facto* deputy as far as the public is concerned. A district attorney who prefers not to follow such a precedent may discontinue the practice at any time by a word to his stenographer.

As pointed out in *Sanxey* v. *Iowa City Glass Co.*, 27 N. W. 747, the Iowa code provided for the taking of an appeal "by the service of a notice on the adverse party and the clerk." The court held in that case as stated in the syllabus that:

"Status requiring service of notice of appeal upon the clerk of the court is complied with by service on his deputy during the absence or disability of the clerk."

In *Wheeler & Wilson Mfg. Co.* v. *Sterret*, 62 N. W. 675, the same court held as stated in the syllabus that:

"An acceptance of a notice of appeal by a *de facto* deputy clerk of court is valid."

The instant case, however, does not hinge entirely on the question as to whether or not the district attorney's stenographer was a *de facto* deputy.

Among the disputable presumptions established by Section 102 of our Law of Evidence (Section 464 Code of Civil Procedure, 1933 ed.) are the following:

"15.—That official duty has been regularly performed.

"27.—That things have happened according to the ordinary course of nature and the ordinary habits of life."

If the official stenographer of the district attorney, who accepted service of the notice in the name and on behalf of the district attorney, was not a *de facto* deputy, if the attorney for appellant had not right to assume that the stenographer had been duly auhorized to accept service, and if the district attorney was not bound by such acceptance, it is at least a fair inference that the stenographer informed the district attorney as to what had occurred, and delivered to the district attorney the copy of the notice of appeal. If the hands of this court are not tied by the theory of a jurisdictional defect, if we are at liberty to exercise any discretion and, if the doctrine of waiver and estoppel may be invoked, then neither the district attorney nor the fiscal of this court should be permitted to repudiate the formal acceptance of service in the instant case eight months after such acceptance, more than seven months after the filing of the judgment roll in this court, more than five months after the filing of appelant's brief, more than four months after the case had been set for a hearing and some two months after the expiration of the time within which defendant might have taken a second appeal.

The motion must be denied.

Mr. Chief Justice Del Toro took no part in the decision of this case.

Mr. Justice Wolf dissented.

Mr. Justice De Jesús concurs.