[No. 17031.　Department One.　March 24, 1922.]

## THE STATE OF WASHINGTON, *Respondent*, v. S. D. LLEWELLYN, *Appellant*.[1]

INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—WITHOUT WARRANT—PROPERTY SUBJECT. In a prosecution for unlawful possession of intoxicating liquor, seized by officers without a warrant, a motion to suppress the evidence is properly denied, where the officers entered the place when the door was opened to admit one of the general public, it required no search to find the liquor, which was in the actual, open, physical possession of the defendant, under circumstances showing that he had been making unlawful use of it.

ARREST (6)—WITHOUT WARRANT—AUTHORITY. Officers may arrest without warrant for a misdemeanor committed in their presence.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered July 23, 1921, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*Dan Pearsall*, for appellant.

*Austin M. Wade*, for respondent.

FULLERTON, J.—The appellant, Llewellyn, was convicted in a justice court of Grays Harbor county of the crime of unlawfully having in his possession intoxicating liquor, and from the judgment of conviction appealed to the superior court of that county. Prior to the time the cause was set for trial in the superior court, he filed a petition in that court, entitled a petition for the exclusion and return of evidence, in which he alleged that certain police officers of the city of Aberdeen had, without a search warrant or other authority, broken into and entered his place of business, after the same had been closed for the day, and had illegally and unlawfully taken therefrom a pitcher,

[1]Reported in 205 Pac. 394.

some drinking glasses, and a bottle containing some form of liquid; that, unless restrained by the court, the officers would testify as to what occurred in the place after their unlawful and illegal entry therein; and that the prosecution would introduce on the trial of the cause the pitcher, glasses and liquid as evidence of the petitioner's guilt, unless restrained by the court. The prayer of the petition was that the pitcher, glasses and liquid be returned to him, and that the police officers be restrained from testifying as to anything that occurred in the place after their entry therein.

The state, answering the petition, admitted the seizure of the pitcher, glasses and liquid, averring the liquid to be intoxicating liquor, commonly known as moonshine whiskey, but denied that the officers seizing the same broke into the building, or that they otherwise unlawfully entered, averring that they entered as of right.

At the time the cause was called for trial, the question arose whether the issue made by the petition should be first tried, and the court, after hearing the statements of counsel and finding a disagreement between them as to the facts, announced that it would proceed with the trial and reserve the question for determination after the evidence thereon had been introduced.

At the hearing it developed that the appellant, Llewellyn, conducted a place where cigars, candies and soft drinks were sold. The officers testified that they were attracted to the place, after it had been closed for the day, by a light burning therein; that they walked over to the place and discovered a number of men apparently much interested in something that was taking place on the bar over which the soft drinks were usually served; that at about that time a person

came up the street and knocked on the entrance door of the building, and that they then moved down to the door; that the door was opened from the inside and that they went in ahead of the person knocking; that as they entered the building the person opening the door discovered that they were officers, and sought to warn the men at the bar by hallooing, "look out"; that the men were shaking dice, having considerable sums of money stacked in front of them, and were so intent upon the game as to give no heed to the warning until they were upon them; that, when the men discovered their presence, certain of the players grabbed the money, and that the appellant grabbed a pitcher which was on a draining board behind the bar; that one of the officers reached for the pitcher at the same time and succeeded in getting hold of it; that a struggle ensued between the officers and the appellant for its possession, resulting in the end in the success of the officers. One of the officers did not see what the pitcher contained prior to the commencement of the struggle for its possession, but the other testified that it was more than half full of a whitish liquid, nearly all of which was spilled in the struggle. Both testified that the small quantity remaining in the pitcher proved on subsequent examination to be intoxicating liquor. They also testified that small quantities of the same liquor were found in the drinking glasses which were on the bar. The appellant, together with the other occupants of the building, were then arrested and taken to the police court, the appellant being charged with unlawfully having liquor in his possession, and the other persons with gambling. The officers, after making the arrests, seized and took to the police court the pitcher and glasses, with their contents, where the contents, for preservation as evidence, was poured

into a bottle and the bottle sealed. The officers testified that they made the arrests without a warrant of arrest, and that they had no search warrant authorizing them to search the appellant's place of business.

At the trial the pitcher, glasses and bottle with its contents were permitted to be introduced in evidence by the state, over the objection of the appellant, and the court refused the appellant's motion to suppress or withdraw from the consideration of the jury the evidence given by the police officers.

The appellant first contends that the entry of the officers into his place of business was an unlawful entry, and that in consequence the seizure of the articles named was an unlawful seizure, and should have been for these reasons excluded from the consideration of the jury. He cites and relies upon the case of *State v. Gibbons*, 118 Wash. 171, 203 Pac. 390. But we think the rule of the case without application. There the defendant was arrested while in an automobile on the public streets of a city, without a warrant of arrest, and for a cause having no better foundation than the mere suspicion of the officer that the person arrested was violating the law. After the arrest, a search was made of the automobile and certain intoxicating liquor found therein was seized. This was held to be an unlawful search and seizure, and, following certain recent cases of the supreme court of the United States, it was held that the liquor seized could not be introduced as evidence against the person arrested.

Here the facts are widely different. The entry of the officers into the place of business of the defendant was not unlawful. They did not break and enter. The door was opened on the direction of the defendant and they walked in through the opened doorway. It

is true, without doubt, that the door was not opened for the admission of the officers, but it is equally true that they were not forbidden to enter. The defendant was then admitting to the place members of the general public. Already there were a number therein, and the officers were admitted when the door was opened to admit another. It would be extending the doctrine of the cited case beyond all reasonable limit to hold that it ruled this entry to be unlawful. Once in the place, the officers were justified in taking cognizance of the fact that a crime was being committed by the defendant. The evidence thereof was before their very eyes; it took no search to find it. Nor is it a valid objection to say that the offense which the defendant was then committing was a misdemeanor. Arrests for misdemeanor may be lawfully made without a warrant when the offense is committed in the presence of the arresting officer. And here the offense was so committed. When the officers first discovered the intoxicating liquor, it was in the actual, open, physical possession of the defendant, and the circumstances were such as to show that he had been making an unlawful disposition of it. Having the lawful right to arrest the defendant, they could lawfully seize and take with them the evidence found in his immediate possession which tended to show his guilt.

The second contention, namely, that the court erred in permitting the officers to testify is answered by what we have said in answer to the first. It is not to be understood, however, that were we to hold that the officers entered the building unlawfully, and the seizure wrongful, we would hold that the officers would be precluded from testifying to the things they observed while in the building; this question we leave until it properly arises.

Finally, it is urged that the court erred in refusing to give the jury certain instructions requested by the defendant. But we find no error in this. While the instructions may have been appropriate to the defendant's theory of the applicable principles of law, they are not so within the perview of these rules as we have interpreted them.

The judgment is affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.