[No. 17080.    Department One.    May 20, 1922.]

THE STATE OF WASHINGTON, *on the Relation of the City of Yakima et al., Plaintiff*, v. THE SUPERIOR COURT FOR YAKIMA COUNTY, *George B. Holden, Judge, Respondent*.[1]

INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—RETURN OF CONTRABAND LIQUOR. Upon moving for and obtaining a directed verdict dismissing a criminal charge of having intoxicating liquors in possession, the defendant waives any right, if any he had, to whiskey taken from his possession and suppressed as evidence against him, and the court has no power to order that it be brought into court and returned to the defendant.

Certiorari to review an order of the superior court for Yakima county, Holden, J., entered February 3, 1922, requiring the production of certain whiskey in court, after a directed verdict of not guilty in a prose-

[1]Reported in 206 Pac. 925.

cution for the unlawful possession of intoxicating liquor. Reversed.

*Thomas E. Grady,* for relator.
*Snively & Bounds,* for respondent.

MITCHELL, J.—Ben Geary was overtaken by the police officers of the city of Yakima while engaged in the attempted sale and delivery of ninety-six quarts of whiskey. He was arrested by the officers, who seized the whiskey. He was charged with violating a city ordinance prohibiting the possession and sale of intoxicating liquor and was convicted, from which he appealed to the superior court. Upon the call of the case for trial in the superior court, he filed a petition to have the whiskey (none of which, other than one quart, had been used in the trial in the police court) brought into court, and at the same time moved to suppress it as evidence, and at the same time filed a petition for an order directing that the whiskey be returned to him.

After the jury was sworn to try the case, upon testimony taken not in the presence of the jury, the court orally announced that the whiskey should be brought into court, that it should be suppressed as evidence, and that it should be returned to the defendant. Later, before any proceedings in this court, the trial judge, by a formal order, reserved for future consideration the question of granting or refusing to grant delivery to the defendant. However, upon the court's announcing that the whiskey should be brought into court and that it should not be used as evidence against the defendant, he, the defendant, immediately and without waiting for the enforcement of the order to produce the whiskey, moved the court to direct the jury to return a verdict of not guilty. The motion was allowed,

and the jury at once returned a verdict of not guilty, under the direction of the court, on February 1, 1922, and the defendant was discharged. Thereafter, on February 3, 1922, in the same cause, at the instance of the defendant, the superior court entered a formal order requiring the city and its officers to produce the whiskey into court. That order is now presented here for consideration. In our opinion, the order must be vacated.

Upon the directed verdict of not guilty on February 1 and the discharge of. the defendant, the case was ended. By immediately moving for and procuring a directed verdict, upon the court's announcement that the whiskey should not be used as evidence, the defendant waived any and all rights, if any he ever had, to have it produced in court. It was never in the custody of the court and the subsequent order was without authority. The case was not one for the condemnation or confiscation of the whiskey, but purely a criminal one against Ben Geary. Certainly the claim of the defendant that he is entitled to a return of it cannot be countenanced for a moment. His own testimony before the judge showed that the article was whiskey and that he was attempting to sell and deliver it, having it in his immediate possession, at the time he was arrested and it was seized. It is prohibited under the laws of the state as well as the ordinance of the city. The defendant has no right to it. He cannot expect a court to give him possession, and thus encourage a confessed violator of the law in the repetition of a similar offense.

Reversed, with directions to set aside the order.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.