[No. 17128.   Department One.   August 29, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. W. J. MILLER, *Appellant.*[1]

INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—RETURN OF CONTRABAND LIQUOR. One accused of unlawful possession of contraband whiskey is not entitled to an order directing its return, upon the suppression of evidence of its possession at the criminal trial on the ground that it was unlawfully taken by the officer.

SAME (53)—SEARCHES AND SEIZURES—WITHOUT WARRANT. A motion to suppress evidence of liquor, seized without a search warrant, is properly overruled, where it was observed in an auto truck when the officers found the accused in a disabled condition, and required no search to fully disclose it.

STATUTES (33-36) — AMENDMENT—TIME FOR — "ENACTMENT" OF STATUTE—CONSTRUCTION. The initiative and referendum provision of the constitution (Const., Amendt. 7) prohibiting the amendment of a law approved by a majority of the electors voting thereon "within a period of two years following such enactment," contemplates the time of its complete enactment in a legal sense; accordingly, a provision of the act itself postponing the time of its taking effect to a later date would not defeat the power of the legislature to amend the act at any time after the expiration of two years from its proclamation by the governor.

INTOXICATING LIQUORS (6)—PROHIBITION — BOOTLEGGING — EIGHTEENTH AMENDMENT. Prosecution under state laws for bootlegging is lawful as in aid of the enforcement of the 18th Amendment to the constitution of the United States and the Volstead Act passed pursuant thereto.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered February 21, 1921, upon a trial and conviction of the unlawful possession of intoxicating liquor.   Affirmed.

*Joseph J. Lavin* and *John T. Mulligan,* for appellant.
*Roy C. Fox,* for respondent.

MITCHELL, J.—On December 11, 1921, deputy sheriffs, engaged in official business, came upon the defend-

[1] Reported in 209 Pac. 9.

ant apparently asleep in a disabled auto truck on the highway near Davenport, Washington. Noticing his condition, the officers stopped to inquire. While one of them aroused the defendant, the other one, standing by the truck, observed it contained a large quantity of whiskey. The officers arrested the defendant and took charge of the truck and its contents. Upon an information charging the defendant with the crime of being a bootlegger, he was tried and found guilty by a jury of unlawfully having intoxicating liquor in his possession. From a judgment on the verdict, an appeal has been taken.

The first assignment of error is, (1) the denial of appellant's motion, before the beginning of the trial, for the return of the whiskey, claimed to have been taken by the officers without authority of law, and (2) allowing it to be received in evidence over his objection that it had been seized without a search warrant and in violation of his constitutional rights. As to the first, on the authority of *State ex rel. Yakima v. Superior Court,* 120 Wash. 280, 206 Pac. 925, the application was properly denied. Concerning the second, we are not called upon to decide if the whiskey was admissible in evidence if it be assumed the officers got possession of it by a trespass, for in this case there was no trespass. It requires a warrant to seize only in those instances where the seizure is assisted or reached by a necessary search. The constitutional provisions invoked by the appellant do not prohibit a seizure without a warrant where there is no need of a search and where contraband subject-matter or unlawful possession of it is fully disclosed and open to the eye and hand. *State v. Llewellyn,* 119 Wash 306, 205 Pac. 394; *State v. Quinn,* 111 S. C. 174, 97 S. E. 62, 3 A. L. R. 1500.

The statute upon which this case was prosecuted was enacted by the legislature of 1917. Chapter 19, p. 46, Laws of 1917; Rem. Comp. Stat., 7312. It was an amendment of initiative measure No. 3, adopted by popular vote in November, 1914, and the contention is now made that the amendment was earlier than permissible under the terms of subdivision "c" of the initiative and referendum provision of the seventh amendment to the state constitution. A similar contention has been answered otherwise in the case of *State v. Gibbons,* 118 Wash. 171, 203 Pac. 390.

Further, it is claimed the state law is repugnant to, and has been superseded by, the eighteenth amendment to the Federal constitution and the Volstead act enacted pursuant thereto. We have repeatedly held to the contrary. *State v. Jewett,* 120 Wash. 36, 207 Pac. 3, and cases cited.

Finding no error in the record, the judgment appealed from is affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.