[No. 17220.   Department One.   August 27, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. MARY BASIL, *Appellant*.[1]

INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—WITHOUT WARRANT—PROPERTY SUBJECT. The seizure without a search warrant of intoxicating liquor, from the place in a dwelling where they saw the accused deposit it, is not unlawful and does not render it subject to be suppressed as evidence, from the fact that the officers entered the dwelling house of the accused without invitation or any warrant for an arrest or search, where their entry was at most a civil trespass.

Appeal from a judgment of the superior court for Columbia county, Miller, J., entered October 4, 1921, upon a trial and conviction of the unlawful possession of intoxicating liquors.   Affirmed.

*Leon B. Kenworthy,* for appellant.

*A. F. Appleton,* for respondent.

FULLERTON, J.—Mary Basil was, by a jury, found guilty of the offense of unlawful possession of intoxicating liquor, and appeals from the judgment pronounced against her.

On the afternoon of March 17, 1921, at Dayton, Washington, some one began interfering with conversations held over a local telephone line.   The manager of the telephone company suspected the person to be the appellant, and, after the interference had continued for sometime, made complaint to the sheriff of the county, informing him of his suspicions, and further informing him that the appellant was probably using the telephone of her son, as she had no telephone in her own house.   The sheriff, accompanied by a deputy and the chief of police of the city of Dayton,

[1]Reported in 217 Pac. 720.

went to the place designated, and, as they reached it, saw the appellant crossing a street from the direction of her son's house going towards her own. They followed her to her house which she entered ahead of them. Looking through the glass in the door, they saw her with two bottles in her hands, apparently making an effort to pour their contents into a stove. The officers entered the house at that time, whereupon the appellant desisted from her efforts to pour the contents of the bottles into the stove, and took them into a pantry and put them in a churn. The officers had reached her by that time, and the sheriff seized the bottles, taking them from the churn. Finding they contained intoxicating liquor, they arrested the appellant, charging her with the offense of which she was afterwards convicted.

On entering her house, while the officers were following her, the appellant closed the outer door, and the officers to enter the house, were obliged to open it. It was not locked, although latched, and the officers opened it by turning the latch in the usual manner. The officers testified that the appellant was intoxicated at the time. The officers had no search warrant, nor warrant for the appellant's arrest.

Conceiving that the entry into her house by the officers was unlawful and that, in consequence, the seizure of the liquor was likewise unlawful, the appellant, after an information had been filed against her charging her with its unlawful possession, and prior to the time the case was called for trial, moved to suppress the liquor as evidence. This motion the trial court overruled, and on the trial of the cause permitted the liquor, over the objection of the appellant, to be introduced in evidence. The errors assigned for re-

versal are based on these several rulings of the trial court.

The appellant contends that there was an unlawful search and seizure, citing and relying on the case of *State v. Gibbons,* 118 Wash. 171, 203 Pac. 390. But we cannot think this case aids the appellant. There was here no wrongful seizure of the liquor. The appellant had it in her immediate possession, and no search was required to find it. The officers but took it from the place where they saw the appellant deposit it. The liquor was contraband, an article which the appellant could not lawfully possess, and being before the eyes of the officers, they had, if they were lawfully in the house, an unquestioned right to seize it.

The more applicable case, therefore, is that of *State v. Llewellyn,* 119 Wash. 306, 205 Pac. 394. There is here, however, an element not present in the *Llewellyn* case. In that case, the entry of the officers into the building where the liquor was seized was not unlawful. It was a place where merchandise was sold, open to the public for that purpose, while here the entry was into a private dwelling to which a member of the general public had no right of access except upon the invitation or permission of the owner. Since the officers entered without invitation, the additional question is, does this fact render their entire acts so far unlawful that the liquors seized cannot be introduced in evidence on the trial of its possessor for unlawful possession. It is our opinion that the evidence was admissible. Conceding that the entry of the officers into the dwelling house was a trespass, it was but that and nothing more. It was not unlawful in the sense that they entered for an unlawful purpose. They had no purpose to search the dwelling for evidences of crime, nor purpose to commit any other wrongful or unlawful

act therein. The dwelling was not locked against them, nor were they forbidden by the owner to enter. They, therefore, committed no offense against the criminal statutes by entering in the manner they did enter; at most they committed a civil trespass. It must follow, we think, that, after getting into the dwelling in this manner, any evidences of crime visible to them were subject to their cognizance as peace officers, and that they could lawfully seize it, as well as arrest the perpetrator of the crime. It follows further that since the seizure was lawful, the liquor seized was properly admitted in evidence. Affirmed.

PARKER, MITCHELL, BRIDGES, and TOLMAN, JJ., concur.