[No. 18627.　Department Two.　February 25, 1925.]

## THE STATE OF WASHINGTON, *Respondent*, v. LAWRENCE COSTELLO *et al., Appellants.*[1]

INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—RETURN OF CONTRABAND LIQUOR. One accused of unlawful possession of contraband whiskey is not entitled to an order directing its return, upon the suppression of evidence of its possession at the criminal trial on the ground that it was unlawfully taken by the officer.

CRIMINAL LAW (123, 124)— EVIDENCE — SUPPRESSION —WRONGFUL SEARCH. There was no abandonment of a search for intoxicating liquor under a search warrant, where all but one of the officers, who concealed himself on the premises, resorted to a "ruse" in leaving the building for a few minutes, and soon returned and continued the search.

INTOXICATING LIQUORS (28, 50)—OFFENSES—MANUFACTURE—EVIDENCE—SUFFICIENCY. A conviction of being a jointist is sufficiently sustained by proof that the article sold was intoxicating liquor containing alcohol in large quantities, of the kind used in all beverages.

CRIMINAL LAW (292)—TRIAL—INSTRUCTIONS—REASONABLE DOUBT. Prejudicial error in instructions as to reasonable doubt cannot be assigned upon refined destinctions between "want of evidence" and doubt arising from reasonable consideration of the evidence.

SAME (288)—TRIAL— INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE. In an instruction upon circumstantial evidence, it is error to instruct that the degree of certainty therefor "must almost be equal to that of direct testimony."

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered October 13, 1923, upon a trial and conviction of being jointists. Reversed.

[1]Reported in 233 Pac. 307.

*Frank Yuse* and *Davis, Heil & Davis,* for appellants.
*Chas. H. Leavy* and *Louis F. Bunge,* for respondent.

MITCHELL, J.—Lawrence and Louie Costello were charged, tried and found guilty by a jury of the crime of being jointists, and have appealed from a judgment on the verdict.

For several years they had been engaged in business at No. 2, West Riverside avenue, in the city of Spokane. They carried on a fruit, cigar, soft drink and pool room business. Five police officers, provided with a liquor search warrant, entered their place of business when both of them were present and, upon serving the search warrant, made a general search of the premises. For some time they were unsuccessful, whereupon, by what one of the officers termed a "ruse," all of the officers other than one who was secreted in the basement left the premises for a few minutes, when they returned to continue assisting in the search. Upon their return, one or more of them, with the officer who had remained, discovered a cache containing nine bottles of liquor underneath and within a stairway that leads into a small basement from a trap door in the floor of a small supply room used in connection with appellants' place of business. The contents of the bottles were examined and tested by a chemist at the trial in the presence of the court and the jury, from which he testified that the contents were intoxicating liquor containing forty-five to fifty per cent grain alcohol. He further described the alcohol as ethyl alcohol, of which he said, "Well, it is alcohol that is in all beverages and capable of being used as a beverage." The bottles and contents were introduced in evidence over the objections of the appellants, who at the trial and in their defense testified that they knew

nothing about the articles and that they did not know where the officers got them.

Assignments 1 and 2 relate to the denial, prior to trial, of appellants' motion to suppress the articles seized as evidence and to return them to the appellants, and objections made at the close of the opening statement of the prosecuting attorney to the jury to admitting them in evidence. The first contention is answered to the contrary by the cases of *State ex rel. Yakima v. Superior Court,* 120 Wash. 280, 206 Pac. 925, and *State v. Miller,* 121 Wash. 153, 209 Pac. 9, while as to the second contention, we think it is without merit, if for no other reason because, contrary to the claim of the appellants, there had been no abandonment of the search under the warrant at the time the articles were seized, nor did the prosecuting attorney's statement show that there had been any abandonment of the search.

Several assignments of error rest in part upon the assumption or argument that the proof shows the liquor taken was alcohol, while the statute speaks of "proof of possession of intoxicating liquor other than alcohol." It appears, however, not only by fair and reasonable inference, but by positive testimony, that the article was intoxicating liquor and that it contained alcohol in large quantities of the kind used in all beverages, and capable of being used as a beverage.

Another assignment is that, in the instruction on reasonable doubt, the jury was told that it "must be a reasonable one, and arise from a fair, ordinary and reasonable consideration of the evidence," the objection being that there should have been added the words "or from want of evidence." The discussion of this point is, of course, a consideration of only a part or detached portion of all the instructions given, but, withal, we think the contention too technical, for, as

said in *State v. Krug*, 12 Wash. 288, 41 Pac. 126, "but we think that the jury were not misled by going into any refined distinctions between the phrases 'want of evidence' and 'should grow out of the evidence.'"

By assignment number 8 appellants contend that reversible error was committed in the instruction on circumstantial evidence that "the degree of certainty must almost be equal to that of direct testimony." This assignment must be sustained. The record shows that the instruction in which objectionable language is found is altogether the same as the instruction on that subject which is set out in full in *State v. Dukich*, 131 Wash. 50, 228 Pac. 1019, and for the reasons given in the opinion in that case, the judgment in this case must be reversed. We take occasion to state that the case of *State v. Dukich* had not been decided at the time of the trial of the present case.

There are some other assignments which upon examination we think are without merit, or else they have become unimportant, since a new trial must be had because of the erroneous instruction on circumstantial evidence.

Upon the case as made by the state, not all the facts of which are set out in our statement hereinbefore given, we are satisfied there was sufficient to take the case to the jury.

Reversed with directions to grant a new trial.

MAIN, and MACKINTOSH, JJ., concur.

FULLERTON, J., dissents.