[No. 19186. Department One. October 2, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. G. A. DEITZ, *Appellant*.[1]

ARREST (6)—WITHOUT WARRANT—AUTHORITY. Officers have a right to arrest without a warrant one who commits a misdemeanor in their presence (driving an automobile without lights or license plates) although no breach of the peace was involved.

INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—VALIDITY—AUTHORITY IN ABSENCE OF SEARCH WARRANT. Where the driver of an automobile has been legally arrested for another offense, the officers may lawfully search him and his car for the unlawful possession of liquor, without the issuance of any search warrant, and the court will not suppress the evidence disclosed by such a search.

Appeal from a judgment of the superior court for King county, Lindsley, J., entered November 23, 1924, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*Geo. Francis Burton* and *L. W. Long*, for appellant.
*Malcolm Douglas* and *Robert S. Macfarlane*, for respondent.

MAIN, J.—The defendant was charged by information with the unlawful possession of intoxicating liquor. The trial was before the court without a jury, and resulted in a judgment finding him guilty and imposing a fine of $100. From the judgment entered, the defendant prosecutes the appeal.

The following will be a sufficient summary of the facts. On the evening of August 4, 1923, at about the hour of 9:30 o'clock p. m., the appellant drove a motor vehicle, referred to as a Ford bug, into an amusement park at Renton Junction, in King county. As he passed through the gate, two deputy sheriffs who were stand-

[1]Reported in 239 Pac. 386.

ing nearby observed that the car had but one headlight, no tail light, and did not have the license plates required by law. After stopping the car about two hundred feet from the entrance, the officers engaged the defendant in conversation, with the result that he was placed under arrest for not having proper lights and license plates upon the vehicle. After the arrest took place, he was placed in the custody of one of the officers. The other officer then inquired what he had in the rear of the car, and he said tools. The officer asked him for the key in order that he might open the rear compartment and make an examination. The appellant, after a search of his pockets, stated that he had no key. One of the officers then produced a master key which unlocked the little padlock which was upon the compartment. In the rear of the car were three pints of moonshine whiskey. Thereafter the appellant was charged as above indicated. Before the trial he moved to suppress the evidence, claiming that it had been unlawfully obtained, in that the officer having made the arrest for driving without lights, the moonshine whiskey obtained upon the search was not admissible in evidence. The appellant did not take the stand and the case rests upon the testimony of the arresting officers.

The appellant's first position is that, since the appellant was not committing a breach of the peace in the presence of the officers which constituted a misdemeanor, they had no right to make the arrest without a warrant. But the rule is not so limited. Even though the misdemeanor committed in the presence of an officer be not a breach of the peace, nevertheless the right to arrest exists. *State v. Llewellyn,* 119 Wash. 306, 205 Pac. 394; *State v. Ditmar,* 132 Wash. 501, 232 Pac. 321. It follows that the officers had a right to arrest the appellant for driving the Ford bug without

lights and license plates required by the law, as this is a misdemeanor under the statute.

The next contention is that the appellant had not in fact been placed under arrest before the search was made. The evidence, however, shows clearly that an arrest had been made and that the appellant was placed in the custody of one of the officers.

The last and final question is whether the officers had a right to search the car without a warrant authorizing them so to do. The principal reliance of the appellant appears to be on this question, and, as stated, he timely made a motion to suppress the evidence. His position is that, since the search when made produced evidence of another crime than that for which the appellant had been arrested, his motion to suppress should have been sustained. The rule is that, where a man is legally arrested for an offense, whatever is found upon his person or in his control which is unlawful for him to have, and which may be used to establish the offense, may be seized and held as evidence in the prosecution. In *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841, it is said:

"It has always been held that a peace officer, when he makes a lawful arrest, may lawfully, without a search warrant, search the person arrested and take from him any evidence tending to prove the crime with which he is charged. If a search may be made of the person or clothing of the person lawfully arrested, then it would follow that a search may also be properly made of his grip or suitcase which he may be carrying. From this it seems to us to follow logically that a similar search, under the same circumstances, may be made of the automobile of which he has possession and control at the time of his arrest. This is true because the person arrested has the immediate physical possession, not only of the grips or suit cases which he is carrying, but also of the automobile which he is driving and of which he has control. What was said by us in

the *Gibbons* case, *supra,* on this particular question should be read and construed in the light of what we have here said. The whiskey was properly received in evidence because it had been lawfully seized.''

In *Carroll v. United States,* 267 U. S. 132, it was said:

''When a man is legally arrested for an offense, whatever is found upon his person or in his control which it is unlawful for him to have, and which may be used to prove the offense, may be seized and held as evidence in the prosecution.''

Those cases, it is true, do not reach the particular question here involved. There the evidence seized was used to establish the particular offense for which the defendant had been arrested. It does not follow, however, that the appellant's motion to suppress should have been granted. He had been legally placed under arrest. The officers had the right to search the automobile. In making the search they discovered evidence of another crime. It cannot be said that this evidence was illegally obtained and should therefore be suppressed. We do not think that the rule should be thus restricted.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, and PARKER, JJ., concur.