[No. 21240.    Department One.    June 25, 1928.]

THE STATE OF WASHINGTON, *Respondent,* v. LESTER McKINDEL, *Appellant.*[1]

[1] ARREST (6)—ON CRIMINAL CHARGE—AUTHORITY WITHOUT WARRANT—SEIZURE OF PROPERTY. An officer has authority to seize stolen goods and arrest without warrant, where, on a search for liquor under a search warrant, he found the goods in the possession of the defendant and had reasonable and probable cause to believe that defendant had committed a felony.

Appeal from a judgment of the superior court for King county, Moriarty, J., entered October 31, 1927, upon a trial and conviction of receiving stolen goods. Affirmed.

*T. D. Page,* for appellant.

*Ewing D. Colvin* and *Ethan Allen Peyser,* for respondent.

FRENCH, J.—Appellant, together with one Connie La Marr, were charged by information with the crime of receiving and concealing stolen goods with knowledge that the same had been stolen. They were tried

¹Reported in 268 Pac. 593.

before a jury and a verdict of guilty returned. This appeal follows.

The facts in the case are that two places of business in the city of Seattle were burglarized in the month of June, 1926, and several hundred dollars worth of wearing apparel stolen. Police officer McGraw investigated the burglaries and familiarized himself with the description of the stolen garments, and it was reported to him that the defendant Connie La Marr had sold some of the stolen goods to certain secondhand establishments in Seattle. Meanwhile it had been reported to other police officers that the defendant La Marr and appellant McKindel were rooming together as husband and wife, and that they had been and were trafficking in liquor. A search warrant was obtained by a police officer, A. Holm, authorizing a search of the premises, where the appellant and defendant lived, for liquor. This search warrant was served by officer Holm, accompanied by officer McGraw.

The testimony of the police officers is that, by virtue of the search warrant, they lawfully entered the premises and found a large number of empty jugs, bottles, etc., indicating that liquor had been on the premises, but found no liquor. While making the search, officer McGraw saw in plain sight some of the stolen property which had been previously taken from the places burglarized. He recognized it from the description, and immediately arrested the defendant and appellant and took them into custody for the possession of stolen property. The stolen property was seized to be used as evidence.

By proper and timely application, the appellant moved to suppress the evidence, which motion was denied, and the action of the trial court in refusing to suppress the evidence seems to be the only error complained of.

[1] Appellant's contention seems to be that a search warrant can not be extended beyond the purpose granted in its issuance, and a large number of Federal cases are cited which seem to so hold. The rule, however, relative to search warrants in the Federal courts seems to be far different from the rule applicable to search warrants as the same has been applied by this court. The law as laid down in our previous decisions is that, being lawfully on the premises, it was the duty of the officers immediately upon learning that the defendants had stolen goods in their possession, to make the arrest and seize the goods.

"It must follow, we think, that, after getting into the dwelling in this manner, any evidences of crime visible to them were subject to their cognizance as peace officers, and that they could lawfully seize it, as well as arrest the perpetrators of the crime." *State v. Basil*, 126 Wash. 155, 217 Pac. 720.

See also, *State v. Llewellyn*, 119 Wash. 306, 205 Pac. 394; *State v. Deitz*, 136 Wash. 228, 239 Pac. 386; *State v. Dutcher*, 141 Wash. 627, 251 Pac. 879; *Getchell v. Page*, 103 Me. 387, 69 Atl. 624, 125 Am. St. 307, 18 L. R. A. (N. S.) 253; *State v. Evans*, 145 Wash. 4, 258 Pac. 845.

Here, one of the officers had both reasonable and probable cause to believe that Mrs. La Marr, the defendant, had committed a felony, and, while lawfully on the premises of appellant, saw in his possession part of the stolen goods, indicating that he was also involved in the transaction. It is fundamental that a peace officer may arrest without a warrant a person whom he has reasonable or probable cause to believe has committed a felony, and may take into his possession the instruments of the crime and such other articles as may reasonably be used as evidence upon the trial, and in the immediate possession of the person

arrested. *Eberhart v. Murphy*, 113 Wash. 449, 194 Pac. 415; *Getchell v. Page, supra; State v. Surry*, 23 Wash. 655, 63 Pac. 557.

Judgment affirmed.

FULLERTON, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.