Fullerton, J.
 

 The appellant, William Parent, was found guilty by a jury of the crime of having in possession a gambling device, and appeals from the judgment pronounced upon the verdict.
 

 
 *603
 
 The prosecution was founded upon § 2472 of the criminal code (Rem. Comp. Stat.), which reads as follows:
 

 “Every person who shall have in his possession or shall permit to he placed or kept in any building or boat, or part thereof, owned, leased or occupied by him, any table, slot machine, or any other article, device or apparatus of a kind commonly used for gambling, or operated for the losing or winning of any money or property, or any representative of either, upon any chance or uncertain or contingent event, shall be guilty of a gross misdemeanor.”
 

 The information on which the conviction was had, omitting the formal parts, reads:
 

 “He, the said William Parent, in the county of Snohomish, state of Washington, on or about the 18th day of March, 1928, did willfully and unlawfully have in his possession and did permit to be placed and kept .in the Maryland Tavern, a building owned, leased and occupied by the said William Parent, a table and device and certain apparatus of a kind commonly used for gambling, to wit, a crap table, crap cloth, chips, money and hook and said table, device and apparatus was then and there intended to be used by the said William Parent for the losing or winning of money or the representative of money upon' a chance and uncertain and contingent event, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington.”
 

 The appellant’s first contention is that the information does not state facts sufficient to constitute a crime. The objection to the information, as we understand the appellant, is that there is no such device or apparatus as a crap table, crap cloth, chips, money or hook of a kind commonly used for playing the game of craps; that the game can be played, and is usually played, without the use of the devices and apparatus named; that the only essentials to successfully play
 
 *604
 
 the game are a pair of dice and a flat surface, which latter may be an ordinary table, or a floor, or a level tract of ground, and hence to charge that the party accused had possession of devices and apparatus of the sort described is not to charge that he had possession of a device or apparatus of a kind commonly used for gambling. But it is a sufficient answer to say that these are not matters which the court can know judicially. The game commonly known as a game of craps is concededly a gambling game, and the court cannot know judicially that there are no tables or cloths or other apparatus specially designed and commonly used for playing the game. This is a question for the proofs at the trial.
 

 It is true that there is a distinction in the manner of charging possession of gambling devices, depending upon the language of the statute denouncing the offense. Where the gambling device is named in the statute, and in express terms prohibited, it is sufficient to mention it by the name given it without further description. But when the prohibition is against gambling devices generally, without specially naming them, the charge must go further and show that the device possessed is of the kind prohibited. In this instance, the description in the statute of the devices denounced is general. The prohibition is against the possession of any device or apparatus commonly used for gambling. But since the information charges the appellant ■with the possession of devices and apparatus commonly used for gambling, and names them, and the names given do not show them to be of a sort which are not commonly used for gambling, a crime is sufficiently stated.
 

 The second contention is that the court erred in refusing to grant the appellant’s motion for the suppression of evidence. The record shows that the
 
 *605
 
 appellant conducts a public resort commonly known as a roadhouse. It was a. place into which members of the general public were permitted to enter. The sheriff of the county in which the place is situated, with one of his deputies, visited the place late on a certain evening. The place was then open and a number of patrons were at the place. The sheriff and his deputy entered the place without opposition of any sort. On visiting the different rooms in the building, open to the public, they discovered in one of them the gambling devices mentioned, and seized them. They had no warrant authorizing a search and seizure. It is this search and seizure that the appellant contends to be unlawful, and it was to suppress the seized articles as evidence that his motion was directed.
 

 But we find no error in the ruling of the court. The devices were in plain view of the officers, and there is at least an inference in the evidence that they had been in recent use. However, the mere possession of such devices is a crime, and the officers could lawfully seize them without a warrant, since possession constituted a crime committed in their presence.
 
 State v. Llewellyn,
 
 119 Wash. 306, 205 Pac. 394;
 
 State v. Miller,
 
 121 Wash. 153, 209 Pac. 9;
 
 State v. Duncan,
 
 124 Wash. 372, 214 Pac. 838;
 
 State v. Basil,
 
 126 Wash. 155, 217 Pac. 720;
 
 State v. Nilnch,
 
 131 Wash. 344, 230 Pac. 129;
 
 State v. Deitz,
 
 136 Wash. 228, 239 Pac. 386;
 
 State v. Kittle,
 
 137 Wash. 173, 241 Pac. 962;
 
 State v. Nelson,
 
 146 Wash. 17, 261 Pac. 796.
 

 The final contention is that the verdict is without support in the evidence. Under this head it is first argued that the evidence fails to show that the appellant was the owner, proprietor, or manager of the place, but shows that he was a mere employee, without more control over the place than the other employees, of whom there was a number. Were the evi
 
 *606
 
 deuce thus barren, it would still be a question whether he would not be guilty of the crime charged; but the evidence is not thus barren. There was not only direct evidence that the appellant was the proprietor of the place, but his own conduct and admissions show that his true relation to the place was something more than a mere employee. At most, the evidence on the question was so far conflicting as to make it one for the jury.
 

 The second contention under this head is that the proofs failed to show that the devices of which the appellant was found in possession, were devices commonly used for gambling. But here again the evidence hardly leaves the question in doubt. There was evidence that all of the devices found were of a kind commonly used for gambling, and that some of them, particularly the cloth and the hook, were specially designed for playing the game of craps.
 

 There is no- error in the record, and the judgment will stand affirmed.
 

 Mitchell, O. J., Main, Tolman, and Holcomb, JJ., concur.