[No. 22039. Department Two. June 2, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. MARY JARVEY, *Appellant*.[1]

*Gleeson & Gleeson*, for appellant.

*Chas. W. Greenough* and *Louis F. Bunge*, for respondent.

¹Reported in 288 Pac. 923.

FRENCH, J.—The appellant was charged by an information filed by the prosecuting attorney of Spokane county with the crime of grand larceny, the information containing ten counts. Appellant was convicted on three counts of the information of petit larceny.

The only question raised by appellant is the refusal of the trial court to suppress certain evidence which had been obtained by virtue of a certain search warrant. Prior to the calling of the case for trial, appellant duly and timely moved to suppress the evidence seized by virtue of the search warrant, and, in support of such motion, an affidavit was filed, setting forth generally the following facts: That appellant lived at 1601 Water avenue, and that, at all times mentioned, this was the dwelling house of herself and her husband; that a man by the name of Simmons was a private detective in the employ of certain merchants in the city of Spokane, and that Simmons wanted to search this particular house for merchandise, clothing, wearing apparel and other things which he claimed had been stolen; that one Harbor was a deputy sheriff, and that Simmons and Harbor, together with another deputy sheriff, went to a justice of the peace in Spokane county, where Harbor made an affidavit to obtain a liquor search warrant, for the purpose of entering the residence of appellant, so as to permit the premises to be searched for wearing apparel, merchandise, etc., which Simmons claimed had been stolen; that such liquor search warrant was issued for no other purpose than to permit the searching of the house for stolen goods; and that, by virtue of such liquor search warrant, a deputy sheriff and Simmons broke and entered the dwelling house and did search it and carry away a large portion of the household

goods, wearing apparel, clothing, etc., which they found in the house. That none of the property seized and carried away was contraband, and that immediately thereafter an information was filed in the superior court charging appellant and her husband with grand larceny; that, at the time of making the search, no warrant of arrest had been issued for appellant, and that appellant was not arrested until after the search was made. The affidavit was very voluminous, and we have detailed only the essential features. It was not controverted in any way, and it seems to be admitted that the facts stated are true. The search warrant in question was issued pursuant to the following sworn affidavit and complaint, which, omitting formal parts, reads as follows:

"On this day, in the precinct, county and state aforesaid, personally appeared, Geo. A. Harbor, complainant, who being first duly sworn, on his oath, deposes and says: That he has reasonable and probable cause to believe, and does believe, that John Doe in Spokane county, Washington, on the 26th day of May, 1927, at the location and in the premises known and described as:

"Land, house, all outbuildings and enclosures located at 1601 Water avenue in the city of Spokane and county of Spokane and state of Washington, unlawfully did, and does now, have and keep in his possession, intoxicating liquor capable of being used as a beverage.

"And complainant prays that a search warrant may issue and that search be made of said premises and the said intoxicating liquor seized and brought before this court and disposed of according to law."

The motion to suppress, coming on for hearing, was denied, and thereafter, the case being called for trial before another department, the trial judge refused to further consider the motion to suppress, for the

reason that the matter had already been determined by another department, and some of the goods seized were admitted in evidence. That the officers went to the house in question for the purpose of searching for stolen property, was stated by the prosecuting attorney in his opening address to the jury. That the search of appellant's home was for stolen property, was detailed by the chief deputy sheriff of Spokane county when he was called as a witness.

The subject of search warrants for stolen property is covered by Rem. Comp. Stat., §§ 2237 to 2240, inclusive, while the question of liquor search warrants is covered by Rem. Comp. Stat., § 7306.

In *State v. McKindel*, 148 Wash. 237, 268 Pac. 593, we held that, where a police officer, while lawfully making a search for liquor by virtue of a liquor search warrant, saw and recognized stolen goods, he was justified in arresting the party in whose possession they then were and taking the goods, and that the goods thus taken were admissible in evidence. In the instant case, it is not contradicted that the real purpose of issuing the search warrant was to find and seize stolen property. We think it is very doubtful whether the affidavit was sufficient to warrant the issuance of a liquor search warrant (*State v. Howard, ante* p. 183, 288 Pac. 236); but in no event was it sufficient to warrant the officers in searching for stolen goods. And it is not denied that that was their real purpose in entering the house, and that what they actually did was to search for stolen goods. No place in the record is it suggested that the facts in this case bring it within the ruling of the court in *State v. McKindel, supra*. The admission of goods thus obtained in evidence we think comes squarely within the

240

ruling of this court in *State v. Buckley,* 145 Wash. 87, 258 Pac. 1030.

Reversed with instructions to grant a new trial.

MITCHELL, C. J., FULLERTON, and MAIN, JJ., concur.

HOLCOMB, J., concurs in the result.