[No. 24722. Department One. May 10, 1934.]

ANDY KOSKO, *Appellant*, v. STANLEY H. CRAIG *et al.,*
*Respondents.*[1]

[1]Reported in 32 P. (2d) 112.

*J. Peter P. Healy* and *Carl H. Skoog,* for appellant.

*Harry R. Lea* and *Charles T. Peterson,* for respondents.

MITCHELL, J.—This action for damages was brought by Andy Kosko against Stanley H. Craig, a deputy game warden, and the surety on his official bond, it being alleged that, on July 23, 1932, Craig arrested the plaintiff for an alleged violation of the game laws, and that, while taking plaintiff to defendant's automobile to convey him to jail, he carelessly, needlessly, wantonly· and unlawfully shot the plaintiff through the ankle, causing the damages complained of. Separate answers on behalf of the defendants consisted of general denials and an affirmative defense that plaintiff was injured because he was resisting an officer performing an official duty, and that the arresting òfficer used no more force than was reasonably necessary and proper.

Defendant Craig further alleged in his affirmative answer that the plaintiff and one Whitcomb together were violating the game laws (gaffing salmon in the White river) ; that he had difficulty in arresting Whitcomb at the time; that, after he took them to defendant's automobile, the plaintiff made a break to escape, declaring that he would not go to jail; and that, on account of a defiant and threatening attitude on the part of plaintiff and Whitcomb, the defendant being without assistance and believing he was in danger of bodily harm, and after ordering the plaintiff to come down from a pile of railroad ties upon which he had climbed in an attempt to escape (which order plaintiff refused to comply with), and for the purpose of frightening the plaintiff into obedience, defendant shot into the pile of ties upon which the plaintiff was standing.

The arrest was made at the river while appellant was engaged in violating the law, no arrest warrant being required for the purpose of making an arrest. *State v. Llewellyn,* 119 Wash. 306, 205 Pac. 394; *State v. Deitz,* 136 Wash. 228, 239 Pac. 386.

A trial of the case to a jury resulted in a verdict for the defendants. The plaintiff has appealed from a judgment of dismissal entered on the verdict.

Without setting out the evidence, which is rather voluminous, it may be stated that, in our opinion, the direct and positive evidence, together with fair inferences to be drawn from it, was sufficient to take the case to the jury as to the defenses pled, and to justify the verdict.

Concerning the act of shooting the appellant, Craig testified that both the appellant and Whitcomb had assumed a defiant and threatening attitude, saying that they would not go to jail; that appellant ran on top of a pile of ties as Whitcomb darted to the automobile nearby used by the appellant and Whitcomb, and that, upon appellant's refusal to come down and submit to the arrest, he, Craig, standing nearby, fired one shot only to frighten appellant into submission; that the shot struck one of the ties, as he intended, and accidentally glanced and struck the appellant. This claim of accidentally shooting the appellant presented a question of fact and was submitted to the jury by an instruction, to which no exception was taken, as follows:

"It would be unlawful for the defendant Craig to wantonly or maliciously shoot and injure plaintiff in attempting to arrest him or to prevent his escape from custody, if you find from the evidence that plaintiff was resisting arrest or attempting to escape."

It was claimed on behalf of the respondents that appellant, Whitcomb and others had conspired to defy officers who would attempt to arrest them while

gaffing or otherwise catching salmon at the place in question, which fishing was contrary to law. There had been trouble several times before, and especially on or about July 6th, when several arrests were made of persons unlawfully taking fish at the place in question; and respondents desired to show that the appellant, Kosko, was connected with those violations.

On the appeal, the first assignment is that the court erred in admitting testimony of that alleged conspiracy. There was a controversy over the matter at the trial, and, as we understand the abstract of record, it was discussed in the absence of the jury, whereupon the court said:

"My ruling will be this, Mr. Healy; the matter has been up so often in this case, if they can show that this plaintiff had a defiant attitude and was there fishing on a prior occasion and defying the officers, I will permit that. I said yesterday that I was not going to permit any general conspiracy on the part of other people; if they can connect this man with it, all right."

Appellant, in his brief or otherwise, does not call attention to any evidence admitted contrary to that ruling.

The next assignment involves several instructions given to the jury "with the element of malice included therein." The argument is that it is not indispensable to the right of recovery in a case of this kind to show that the arresting officer acted maliciously, and that the instructions which were given were prejudicial. The complaint alleged that the shooting was careless, needless, wanton and unlawful. Accordingly, the jury were instructed, among other things, as follows:

"(8) If, after considering the evidence, you find that defendant Craig wilfully or wantonly injured plaintiff, or that he used more force than was reason-

ably necessary to effect the arrest, or to prevent plaintiff from escaping, then your verdict shall be for the plaintiff and against the defendants.''

''(10) You are instructed that a deputy game warden in making a lawful arrest for violation of the game laws, has a right to use all the force that is necessary to overcome all resistance, and if he used no more force than is reasonably necessary to then and there accomplish the arrest, or to prevent an escape, then he is not liable for injuries caused to the plaintiff while so doing.''

These instructions comprehend the acts as alleged in the complaint, and no exceptions were taken to either of the instructions just referred to, and hence they became the law of the case.

In the instructions where it is claimed the word ''maliciously'' was prejudicially used, it will be found to have been used in the disjunctive, such as ''needlessly *or* wantonly, *or* maliciously injured by said Craig;'' ''wantonly *or* maliciously shot and injured;'' ''ill-will *or* malice;'' ''there must be either malice *or* wantonness.''

Instructions to a jury are to be considered as a whole, and not in detached or separated portions, and, so considered in this case, there is nothing in the instructions wherein the element of malice is spoken of in the disjunctive, even admitting it means more than wanton or unlawful, that is misleading or prejudicial or contrary to the instructions 8 and 10, to which latter no exception was taken, or to the allegations of the complaint charging wanton and unlawful conduct on the part of the officer.

The assignments 3 and 4 are discussed together on behalf of the appellant. As mentioned in the brief, assignment 3 complains of the giving of instruction No. 7

" . . . without making any legal distinction therein of the means which may be lawfully employed by an officer in making an arrest for a misdemeanor and one for a felony;"

while in assignment 4 the complaint is upon the refusal of the court to give certain requested instructions

" . . . which do set forth the legal distinction between the means which may be lawfully employed by an officer in arresting one for a misdemeanor and in arresting one for a felony."

In our opinion, there was no need or propriety for such instructions. There never was any claim or charge of felony in this case; on the contrary, the jury was instructed that the act of gaffing salmon at the time and place the appellant was arrested was a misdemeanor, and no exception was taken to the giving of that instruction. All the parties to this action were content with that classification of the alleged crime; and, as already stated, the court, in instructions Nos. 8 and 10, clearly told the jury that, in effecting the arrest or to prevent plaintiff from escaping, the arresting officer was entitled to use all force reasonably necessary, and no more. No exception was taken to this instruction, which was plain and sufficient for the guidance of the jury. Admitting that the instructions in question, that were refused, were correct as abstract propositions of law, the refusal to give them here was neither erroneous nor prejudicial.

Other assignments of error require no distinctive or additional consideration beyond what has already been stated in this opinion. They are without substantial merit.

Affirmed.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.