[No. 29828. Department Two. July 18, 1946.]

THE STATE OF WASHINGTON, *Respondent,* v. MASKIN KEKICH, *Appellant.*[1]

*E. K. Marohn,* for appellant.

*Lloyd Shorett* and *James D. McCutcheon, Jr.,* for respondent.

[1]Reported in 171 P. (2d) 210.

BLAKE, J.—Defendant was charged, by complaint in justice court, with selling intoxicating liquor by the bottle, in violation of the Laws of 1939, chapter 172, p. 519, § 6, subd. 2 (Rem. Rev. Stat. (Sup.), § 7306-92 [P.P.C. § 678-53], subd. 2). He was found guilty by a jury, and, from the judgment and sentence entered on the verdict, appealed to the superior court, where another jury found him guilty. He appeals from the judgment and sentence entered on the verdict.

Appellant's assignments of error challenge the sufficiency of the evidence and the admissibility of the *corpus delicti*— the bottle of whisky he was charged with selling.

Three witnesses for the state testified concerning the transaction upon which the charge was based—two enforcement officers of the Washington state liquor control board and Sergeant Taylor, a criminal investigator for the United States army. The latter testified:

"My work at that time consisted of obtaining evidence to be used in the trial of a case of this sort. Q. Did you make any such investigation on or about March 3, 1945? A. Yes, sir. Q. Can you describe what that investigation consisted of? I mean, will you do so? A. On the evening of March 3, 1945, around 8:30 p. m., we left the Washington State Liquor Board's offices and drove to 5002 20th Avenue Northwest. Q. You say 'we.' Who do you refer to? A. I was then in the company of Mr. Engstrom and Mr. Black. . . . At such time I contacted or I went into this residence, which is above a block of stores, or approximately a block. There is quite a few stores there. And I went upstairs and knocked on the defendant's door, at which time the defendant opened it, and a conversation then followed concerning the purchasing of a bottle of liquor. Q. Can you identify that man? A. I can. Q. Is he in this courtroom? A. He is. Q. Will you point him out, please? A. The gentleman sitting directly behind you. Q. And what occurred in his room? A. After I had been invited in the room the conversation followed in which I asked to purchase a bottle of whisky. The defendant left the room, and I heard his footsteps going down the hall right alongside of his door, and he returned approximately a minute and a half or two minutes later, at which time he handed me a bottle of P. M. whisky for the price of $10.00. Q. Can you identify that

bottle of whisky if you see it again? A. I can, because I marked it. Q. Is this the bottle which you purchased from the defendant (handing a bottle to the witness)? Examine it carefully, please. A. It is."

Officer Black testified:

"On March 3rd, we took Sergeant Taylor again to that address. Q. And then what did you do? A. Waited for him again. Q. And did he come back? A. He did. Q. Did he have anything with him? A. He did. Q. What was it? A. 1/5 of P. M. Whisky. Q. Can you identify that fifth? A. Yes. . . . Q. Mr. Black, can you identify this bottle (exhibiting same to the witness)? A. I do. Q. Is that the one which you say Sergeant Taylor had at that time? A. It is. Q. What did you do with this bottle of liquor, intoxicating liquor after it had been brought back to the car? A. We took it to the office and labeled it and marked the date, and I believe the time and the price paid for it, and put it in our warehouse. Q. And that's how you identify it, is it? A. That's right."

The bottle of whisky was admitted over appellant's objection on the grounds that (a) "there is no positive identification"; and (b) that "it has not been proved to be whisky."

■ (a) That the bottle admitted in evidence was the same bottle the sergeant testified he had bought from appellant, seems to us to have been conclusively proved—that is, if the testimony of the sergeant and Black is accepted at face value. In any event, it was for the jury to determine the weight to be accorded their testimony.

■ (b) Appellant's contention that the proof was insufficient to justify a finding that the bottle contains whisky is predicated upon approval by this court of the manner in which such fact was proved in *State v. Costello*, 133 Wash. 170, 233 Pac. 307, where

". . . the court required and the prosecution proved the *corpus delicti* by having the contents of the bottles examined and tested by a chemist at the trial in the presence of the court and the jury."

We do not think the court there intended to say that that was the only manner in which the intoxicating character of the contents of a bottle could be established.

The bottle here in evidence is of four-fifths quart content and contains a liquid the color of whisky of a well-known brand, under its usual label, and bearing an unbroken government seal. This evidence was sufficient not only to take the case to the jury on the question of the intoxicating character of the contents of the bottle, but also sufficient to warrant the jury in finding that it contains whisky. The jury evidently was satisfied with the testimony of the officers on the issue, for the bottle was returned from the jury room with the government seal unbroken.

Confronted with a similar situation in *Fowler v. State*, 157 P. (2d) (Okla. Crim.) 222, the criminal court of appeals of Oklahoma said:

" 'As to whether the liquid seized on that occasion was whiskey as alleged in the information, the proof could be made by circumstantial as well as by direct evidence. The fact that the liquid was in a pint bottle with an unbroken Government seal, that it was red in color and had the appearance of whiskey and was labeled 'whiskey' was a sufficient showing that the liquid transported by defendant was whiskey.' "

■ Appellant also complains that the term "whisky" was not defined by the court. This was unnecessary. Courts take judicial notice that whisky is intoxicating liquor. *State v. Wright*, 312 Mo. 626, 280 S. W. 703; *State v. Lewis*, 86 Minn. 174, 90 N. W. 318; *Allshouse v. United States*, 38 F. (2d) 234.

■ Appellant suggests further that proof of payment was insufficient. This suggestion, as we understand it, is on the theory that, in such a transaction, it is necessary, in order to prove payment, for the purchaser to slip the seller marked money. The suggestion is without merit.

Judgment affirmed.

BEALS, C. J., ROBINSON, and JEFFERS, JJ., concur.

CONNELLY, J. (dissenting)—I dissent. There was no competent proof adduced at the trial that the sealed bottle received in evidence contained whisky or intoxicating liquor of any kind. The burden imposed upon the prosecution was

that of proving to the jury's satisfaction, beyond all reasonable doubt, the charge of selling intoxicating liquor.

I dissent from the reasoning and application of the *Oklahoma* case cited by the majority (*Fowler v. State*, 157 P. (2d) (Okla. Crim.) 222).

That the liquor board inspector testified that he had *asked* the defendant for "whisky," raises no presumption that he *received* whisky. That the container which he received bore a brightly colored whisky label and Federal and state of Washington revenue stamps, likewise raises no presumption that the liquid in the bottle was whisky. Neither the jury nor the witnesses, nor the court, nor anyone, examined the contents of the bottle in any manner, as the exhibit came to this court with the original seals over the cork and neck unbroken. Where, then, does the record reveal any proof that the article sold was whisky?

No one testified that he had tasted, smelled, or tested the bottle's contents. The exhibit itself, therefore, was not sufficiently identified to render it competent proof of the charge of "selling intoxicating liquor." When offered in evidence, the objection to its admissibility should have been sustained. Had such objection been sustained, a failure of proof of the *corpus delicti* would have resulted, requiring a challenge to the sufficiency of the evidence and a directed verdict of not guilty. The state and its prosecutors are not without means of properly proving the contents of whisky bottles.

---

September 5, 1946.  Petition for rehearing denied.