SWANN, Judge.
This appeal is by the defendant below, Maynor Hall. He was found guilty and sentenced for buying, receiving or concealing stolen property.
On December 13, 1965, a deputy sheriff in Dade County, Florida, obtained a search warrant based on an affidavit setting forth information from a reliable informant that a lottery was being conducted in a house in Dade County, Florida. A search warrant was issued which authorized a search of the house for lottery. The house was the residence of Maynor Hall in which he also operated a “transit house” [used only at night] and a moving and storage business.
Hall claims error was committed by the trial court in not requiring the state to identify the confidential informant who supplied the information upon which the search warrant was based. The trial court refused his request to make the state reveal the name of the confidential informant. We find no error in this regard. Harrington v. State, Fla.App.1959, 110 So.2d 495; Ferrara v. State, Fla.1958, 101 So.2d 797; State v. Hardy, Fla.App.1959, 114 So.2d 344; Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; Annot. 76 A.L.R.2d 262.
Of course, under certain circumstances a trial court may require the disclosure of the identity of a confidential informant. Spataro v. State, Fla.App.1965, 179 So.2d 873; 29 Fla.Jur. Search & Seizure § 37.
Flail’s next argument concerns the refusal of the trial court to suppress evidence seized by the police after a search of the premises which he occupied.
Several officers commenced the search of the premises for lottery within a few hours after the search warrant was issued and were confronted with the following “picture”. The premises were filled with a large variety of unrelated articles. They were not boxed or indexed and Hall admit *759 ted that he kept no receipts for the thousands of articles, although he claimed they were “in storage” with him. Detective Ryan of the burglary squad had been called in to aid in the search and noticed large numbers of women’s dresses lying around and that many of were were piled upon a bed. The dresses contained tags which ordinarily would have been removed when sold. Also present were many salesman’s bags and samples which are never sold. A large quantity of items from Eagle Army-Navy Stores were scattered about the premises with tags on them which Ryan knew from experience were removed when such items were sold. Ryan testified he had “every reason to believe” those items were stolen, based upon his observations.
Detective Pizzano, who was subsequently called in to help with the search, corroborated these facts and stated these items did not appear to be in storage since they were not marked or boxed and were haphazardly strewn through the entire premises.
The officers finished the search in the late afternoon or early evening. No lottery evidence was found. However, based upon the previously mentioned items which were seen during the search, Ryan, after consulting with Pizzano, placed Hall under arrest for buying, receiving or concealing stolen property and continued the search. A large amount of the personal property was then seized by the police. Later, it was confirmed that some of the items were actually stolen.
Hall claims the items should have been suppressed from the evidence at the trial as being the product of an unreasonable search and seizure. We disagree.
The officers were lawfully on the premises pursuant to a valid search warrant. The vast array of personal property which confronted them, under the circumstances of this case, gave them reasonable grounds to believe defendant was in possession of stolen property, and to make an arrest therefor.
Hall argues reasonable grounds for arrest were not present since, prior to his arrest, the officers did not know the property was stolen from a particular person or place, they had not confirmed the property was stolen and they did not know defendant was aware of the fact they were stolen.
Arrests are made upon probable cause or a reasonable grounds for belief, not proof beyond a reasonable doubt. The basis of such reasonable grounds for belief are determined
“not by analyzing the effect of each known circumstance in isolation, but by a conclusion of what a reasonable man, knowing all the facts within the cognizance of the officer, would have believed under all the circumstances. These are not technical but are factual and practical considerations of everyday life upon which reasonable men act, not legal technicians.” Range v. State, Fla.App.1963, 156 So.2d 534, 536.
Thus, while lawfully on the premises and searching for lottery, the officers came upon a set of circumstances from which, as reasonable men, they could properly arrest defendant. The arrest being valid, we hold the property subsequently seized was the product of a reasonable seizure incident thereto. See Dixon v. Maxwell, 177 Ohio St. 20, 201 N.E.2d 592, 593 (1964); Williams v. State, 216 Miss. 158, 61 So.2d 793 (1953; State v. McKindel, 148 Wash. 237, 268 P. 593 (1928).
We have examined the other points which the defendant raised for reversal and find them to be without merit.
The judgment and sentence herein appealed are
Affirmed.