CARLTON, Justice
(dissenting) :
This opinion was initially prepared as a tentative majority opinion. Since it has failed to gain approval of a majority of the Justices, it is now submitted in its entirety as a dissent.
We have for review the opinion of the District Court below, 253 So.2d 732 (2nd D.C.A.Fla.1971), reversing respondent’s conviction on the ground that his arrest was not based upon probable cause under the circumstances. Certiorari was granted on rehearing because of conflict between the decision reviewed and Poole v. State, 247 So.2d 443 (1st D.C.A.Fla.1971), as well as Hall v. State, 219 So.2d 757 (3rd D.C.A.Fla.1969). Article V, § 4(2), Florida Constitution, F.S.A.
*9 The facts are not in issue. Police officers were alerted that a woman had fallen down in a city street. Arriving at the scene, they saw respondent assisting a woman (respondent’s wife) along a sidewalk. The officers circled the block in their squad car; on return, they found that the woman had fallen onto the street. She appeared “quite inebriated.” Officer Kautsky got out of the car and began assisting respondent in carrying his wife to a nearby apartment where they were staying. The officer thought this would be a better place for her than jail.
The second story apartment was most easily reached via a narrow fire, escape. Officer Kautsky, respondent, and two other men began maneuvering the woman up the fire escape, as she was unable to help herself. In the bustle of this confined transit, the officer bumped against respondent’s right front trouser pocket and accidently felt what he thought was a small caliber pistol. He then reached back and purposefully touched the object lodged in the pocket. After they succeeded in getting up the stairs and in getting the woman onto her bed in her apartment, Officer Kautsky again reached over to respondent, took hold of his pocket, and advised him that he was under arrest for carrying a concealed weapon. A search of respondent’s pockets revealed a pistol in one, and a clip of cartridges in another. The pistol had a cartridge in the firing chamber.
Fla.Stat. § 790.01, F.S.A., relating to the carrying of concealed weapons, provides in subsection (2):
“Whoever shall carry a concealed firearm on or about his person, shall be guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not more than 5 years or by fine of not more than $10,000.00, or by both such fine and imprisonment.”
We agree with Judge Mann, dissenting below, that the record supports the finding that Officer Kautsky lawfully discovered respondent to be in possession of a concealed weapon. He had probable cause to determine that a felony was being committed in his presence, namely, that a concealed firearm was being carried in violation of Fla.Stat. § 790.01(2), F.S.A. Certainly, a man of reasonable caution would be warranted in such a belief; see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967); Thomas v. State, 250 So.2d 15 (1st D.C.A.Fla.1971) ; Poole v. State, supra; Hall v. State, supra.
Accordingly, the decision of the District Court, Second District, should be quashed, and the cause should be remanded for further proceedings.
BOYD, J., concurs.